TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00301-CV





In the Matter of L. S.






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-14,222, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 





 Following a nonjury trial, the district court of Travis County, sitting as a juvenile court,
adjudicated appellant, L. S., to have engaged in delinquent conduct by committing assault and criminal
trespass. See Tex. Penal Code Ann. §§ 22.01 & 30.05 (West 1994 & Supp. 1997). The court
committed appellant to the Texas Youth Commission, and he perfected this appeal. In three points of
error, appellant contends that (1) the juvenile court improperly permitted the State to amend its petition at
the time of trial, (2) the evidence is legally and factually insufficient to prove appellant committed the offense
of criminal trespass, and (3) the punishment assessed by the juvenile court was excessive given the severity
of the allegations and his previous record. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 On October 13, 1995, James Newton, an officer with the Austin Independent School
District Police Department, was dispatched to a disturbance in which appellant refused to either go to in-school suspension or leave school grounds. When Newton arrived at the scene, he observed appellant
attempting to push his way into a classroom as a teacher denied him access. Newton was informed that
appellant had been assigned to in-school suspension but refused to go. Newton then explained to appellant
that he either had to report to in-school suspension, leave the school grounds, or be arrested for criminal
trespass. When appellant again refused to leave the school grounds or report to in-school suspension,
Newton arrested him for criminal trespass. 

 Appellant was also charged with assault stemming from a separate incident. We need not
detail the evidence relevant to the assault charge, however, because appellant does not challenge the
sufficiency of the evidence to support the trial court's adjudication of that charge on appeal. Rather,
appellant's complaint concerns the State's amending its petition prior to appellant's adjudication hearing. 
Shortly before appellant's adjudication hearing on the assault charge, the State moved to amend its petition,
changing a phrase from "by kicking him with his foot" to "by hitting him with his hand." The trial court
granted the State's motion, but informed appellant that, since the State amended the petition so close to
the adjudication hearing, appellant would be granted ten more days to prepare his case if he wanted the
additional time. Appellant's counsel told the trial court that they would waive the additional time. 
Nevertheless, the trial court explained directly to appellant that the State had amended its charges against
him and that he could either go ahead with the adjudication proceeding or get ten additional days to prepare
his case. Appellant told the trial court he wished to proceed. After the adjudication hearing, appellant was
adjudicated delinquent and committed to the Texas Youth Commission. This appeal followed.


DISCUSSION


 In his first point of error, appellant contends the trial court committed reversible error in
granting the State's motion to amend its petition. We conclude, however, that appellant and his attorney
waived this complaint.

 In a juvenile proceeding, the trial court may permit the State to amend its petition "at such
time, and under such circumstances, as to be basically fair to the minor." Carrillo v. State, 480 S.W.2d
612, 615 (Tex. 1972); see also R.X.F. v. State, 921 S.W.2d 888, 894 (Tex. App.--Waco 1996, no
writ). Under the Texas Family Code, any right granted to a child may be waived if:


 (1) the waiver is made by the child and the attorney for the child;


 (2) the child and the attorney waiving the right are informed of and understand the right
and the possible consequences of waiving it;


 (3) the waiver is voluntary; and 


 (4) the waiver is made in writing or in court proceedings that are recorded.



Tex. Fam. Code Ann. § 51.09(a) (West 1996). In the present case, the record conclusively shows that
both appellant and his attorney understood the effect of waiving the right to additional time to prepare, and
that both appellant and his attorney voluntarily waived the right. Therefore, appellant cannot complain
about the trial court's granting of the State's motion to amend. See R.X.F., 921 S.W.2d at 894. We
overrule point of error one.

 In his second point of error, appellant contends the evidence is insufficient to prove
appellant committed the offense of criminal trespass. It is unclear from appellant's brief whether he is
asserting a legal-sufficiency challenge, a factual-sufficiency challenge, or both. Therefore, we will review
both the legal and factual sufficiency of the evidence.

 In juvenile cases we apply the criminal standard of review because the State bears the same
burden of proof as in criminal cases. See In re M.S., No. 3-96-430-CV, slip. op. at 5 n.2 (Tex.
App.--Austin February 27, 1997, no writ h.) The critical inquiry on review of the legal sufficiency of the
evidence to support a criminal conviction is whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. The appellate court does not ask whether it believes that the evidence
at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19
(1979); see Griffin v. State, 614 S.W.2D 155, 159 (Tex. Crim. App. 1981). The trier of fact is the
exclusive judge of the credibility of witnesses and the weight to be given their testimony, and is free to
accept or reject any or all of any witness's testimony. Adelman v. State, 828 S.W.2d 418 (Tex. Crim.
App. 1992). 

 A person commits the offense of criminal trespass if he remains on property or in a building
of another without effective consent and he received notice to depart but failed to do so. Tex. Penal Code
Ann. § 30.05(a) (West 1994). Notice means oral or written communication by the owner or someone with
apparent authority to act for the owner. Penal Code § 30.05(b)(2). In the present case, Officer Newton
testified that he asked appellant to leave the school grounds four or five times, but appellant refused. 
Appellant contends Officer Newton was not the "owner" of the school and therefore could not give
appellant effective notice to depart under the statute. The evidence shows, however, that Officer Newton
had apparent authority to act for the owner of the school. Specifically, Officer Newton testified that he had
authority to tell any student who becomes uncontrollable to leave the premises, and if an uncontrollable
student refuses to leave the premises, he possesses the authority to arrest that student for criminal trespass. 
We conclude that the record contains sufficient evidence from which a rational trier of fact could have found
beyond a reasonable doubt that appellant committed the offense of criminal trespass.

 When reviewing the factual sufficiency of the evidence, we must view all the evidence
without the prism of "in the light most favorable to the prosecution" and can set aside the judgment only if
it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v.
State, 922 S.W.2d 126, 132-33 (Tex. Crim. App. 1996); see Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd untimely filed). We have reviewed all the evidence in the present case
using the foregoing standard, and we conclude that the verdict is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. We overrule point of error two.

 In his third point of error, appellant asserts that his commitment to the Texas Youth
Commission by the trial court was excessive given the lack of severity of the offenses and the previous
record of adjudication. Specifically, appellant argues that there was insufficient evidence to commit him to
the Texas Youth Commission. 

 In a juvenile case, the trial court possesses broad discretion to determine a suitable
disposition of a child adjudicated delinquent. In re J. R., 907 S.W.2d 107, 110 (Tex. App.--Austin 1995,
no writ) (citing In re R. W., 694 S.W.2d 578, 580 (Tex. App.--Corpus Christi 1985, no writ)). In the
context of a criminal case, the trial court abuses its discretion if its ruling is outside the "zone of reasonable
disagreement." See Montgomery v. State, 810 S.W.2d 372, 390-93 (Tex. Crim. App 1991) (op. on
reh'g). Pursuant to section 54.04(b) of the Texas Family Code, at the disposition hearing the trial court
may consider written reports from probation officers in addition to testimony of witnesses. In order to
commit a juvenile to the Texas Youth Commission, a juvenile court



shall include in its order its determination that: (1) it is in the child's best interests to be
placed outside the child's home; (2) reasonable efforts were made to prevent or eliminate
the need for the child's removal from the home and to make it possible for the child to
return to the child's home; and (3) the child, in the child's home, cannot be provided the
quality of care and level of support and supervision that the child needs to meet the
conditions of probation.


Tex. Fam. Code Ann. § 54.04(i) (West 1996).

 In the disposition order here, the trial court concluded, based on the record, that the above
criteria were met. The evidence showed that appellant was currently on probation and that his probation
officer could not place appellant in an alternative living program because of appellant's behavioral problems
while in detention. Appellant also had fifteen prior referrals to the juvenile system. Additionally, the court
summary prepared by the probation officer reported that appellant failed to follow his probation rules, was
discharged from an alternative learning program after he assaulted a staff member, failed to follow through
with three referrals to anger management classes, and refused to try alternative living arrangements in
Orange, Texas. Based on appellant's history, the probation officer assessed appellant's risk level as high
and recommended appellant's commitment to the Texas Youth Commission, noting that the probation
department had offered appellant several community resource programs to no avail.

 On the facts in this case, we conclude the trial court did not abuse its discretion in ordering
appellant committed to the custody of the Texas Youth Commission. We overrule point of error three.


CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones, and Kidd

Affirmed

Filed: April 10, 1997

Do Not Publish



ewing the factual sufficiency of the evidence, we must view all the evidence
without the prism of "in the light most favorable to the prosecution" and can set aside the judgment only if
it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v.
State, 922 S.W.2d 126, 132-33 (Tex. Crim. App. 1996); see Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd untimely filed). We have reviewed all the evidence in the present case
using the foregoing standard, and we conclude that the verdict is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. We overrule point of error two.

 In his third point of error, appellant asserts that his commitment to the Texas Youth
Commission by the trial court was excessive given the lack of severity of the offenses and the previous
record of adjudication. Specifically, appellant argues that there was insufficient evidence to commit him to
the Texas Youth Commission. 

 In a juvenile case, the trial court possesses broad discretion to determine a suitable
disposition of a child adjudicated delinquent. In re J. R., 907 S.W.2d 107, 110 (Tex. App.--Austin 1995,
no writ) (citing In re R. W., 694 S.W.2d 578, 580 (Tex. App.--Corpus Christi 1985, no writ)). In the
context of a criminal case, the trial court abuses its discretion if its ruling is outside the "zone of reasonable
disagreement." See Montgomery v. State, 810 S.W.2d 372, 390-93 (Tex. Crim. App 1991) (op. on
reh'g). Pursuant to section 54.04(b) of the Texas Family Code, at the disposition hearing the trial court
may consider written reports from probation officers in addition to testimony of witnesses. In order to
commit a juvenile to the Texas Youth Commission, a juvenile court



shall include in its order its determination that: (1) it is in the child's best interests to be
placed outside the child's home; (2) reasonable efforts were made to prevent or eliminate
the need for the child's removal from the home and to make it possible for the child to
return to the child's home; and (3) the child, in the child's home, cannot be provided the
quality of care and level of support and supervision that the child needs to meet the
conditions of probation.


Tex. Fam. Code Ann. § 54.04(i) (West 1996).

 In the disposition order here, the trial court concluded, based on the record, that the above
criteria were met. The evidence showed that appellant was currently on probation and that his probation
officer could not place appellant in an alternative living program because of appellant's behavioral problems
while in detention. Appellant also had fifteen prior referrals to the juvenile system. Additionally, the court
summary prepared by the probation officer reported that appellant failed to follow his probation rules, was
discharged from an alternative learning program after he assaulted a staff member, failed to follow through
with three referrals to anger management classes, and refused to try alternative living arrangements in
Orange, Texas. Based on appellant's history, the probation officer assessed appellant's risk level as high
and recommended appellant's commitment to the Texas Youth Commission, noting that the probation
department had offered appellant several community resource programs to no avail.

 On the facts in this case, we conclude the trial court did not abuse its discretion in ordering
appellant committed to the custody of the Texas Youth Commission. We overrule point of error three.


CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of the trial court.



 J. Woodfin Jones, Justice