Decarlos GARRETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–92–092–CV.

Court of Appeals of Texas, Texarkana.

Dec. 8, 1992.

Ordered Published Feb. 9, 1993.

E. Kent Ellis, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Decarlos Garrett appeals from a juvenile court order transferring him from a youth facility to the Texas Department of Criminal Justice.

The trial court found that Garrett had engaged in delinquent conduct by attempting capital murder while using a deadly weapon. The court committed him to the Texas Youth Commission for a determinate sentence of ten years. Shortly before his eighteenth birthday, the trial court held a release hearing pursuant to TEX.FAM.CODE ANN. § 54.11 (Vernon Supp.1992).

Section 54.11 specifies the procedure to determine whether a juvenile who has received a determinate sentence should, when he becomes eighteen, continue his incarceration and, if so, where he should be confined. It provides in part:

(i) On conclusion of the release hearing on a person who is the subject of a notice of transfer, the court may order:

(1) the recommitment of the person to the Texas Youth Commission without a determinate sentence;

(2) the transfer of the person to the custody of the Texas Department of Criminal Justice for the completion of the person's determinate sentence; or

(3) the final discharge of the person.

(j) In making a determination under this section, the court may consider the experiences and character of the person before and after commitment to the youth commission, the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of the youth commission and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.

Garrett contends that the court abused its discretion in transferring him to the Department of Criminal Justice because the decision to do so was against the great weight and preponderance of the evidence.

There is evidence that during the final five months of his time at the Texas Youth Commission Garrett had a good record. He earned his GED while there and had enrolled in college preparatory courses. He spent time working at a community center with elderly people and with children at the YMCA. At the hearing, Garrett testified that he has changed the way that he tries to think, and that he wants to stay away from old friends and will refuse to engage in criminal conduct with them.

However, there was testimony at the hearing from Lydia Barnard, a social service administrator with Giddings State Home and School, that Garrett had been involved in sixteen documented incidents of misconduct during his ten months at the Giddings State Home, some of which involved assaultive behavior against other inmates. She also testified that psychological testing indicated that Garrett had changed his behavior during his final five months at Giddings in order to avoid the immediate consequence of going to prison rather than as the result of any internalized behavioral change. She further testified that the Youth Commission considered a ten-month stay to be inadequate for Garrett considering the nature of his crime, and that there was a high risk that he would be a recidivist if released from custody at that point. The evidence also showed that Garrett had an extensive juvenile criminal record before he attempted the capital murder. The severity of his criminal be-

havior had increased in recent times, and psychological evaluations indicated that he was manipulative and had no real desire to conform his actions to the demands of society.

In determining whether the trial court abused its discretion, the question is not whether this Court believes the facts present an appropriate case for the trial court's action. Rather, it is whether the court acted without reference to guiding rules or principles, and the mere fact that a trial judge decided a matter within its discretionary authority differently from the appellate court does not demonstrate an abuse of discretion. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990); *C.D.R. v. State,* 827 S.W.2d 589, 592 (Tex. App.–Houston [1st Dist.] 1992, no writ).

Although there is evidence that Garrett improved in the latter stages of his stay at the juvenile facility, there is also evidence that the improvement is contrived and was effected solely to avoid going to prison. There is also evidence of Garrett's extensive delinquent history before his arrest for attempted capital murder and of his apparent inability to avoid continuing criminal conduct. Considering all of these factors, we cannot conclude that the trial court abused its discretion in committing Garrett to prison for the remaining portion of his term.

The judgment of the trial court is affirmed.