**In the Matter of C.L., Jr., Appellant.**

**No. 3–93–234–CV.**

Court of Appeals of Texas, Austin.

April 13, 1994.

Lawrence A. Russell, Wilson, Sterling & Russell, L.L.P., Cedar Park, for appellant.

Eugene D. Taylor, County Atty., Patricia Cummings, Asst. County Atty., Georgetown, for appellee.

Before POWERS, JONES and KIDD, JJ.

JONES, Justice.

This is an appeal from an order of the juvenile court of Williamson County transferring C.L., appellant, to the custody of the Texas Department of Criminal Justice for the completion of a twenty-year determinate sentence. *See* Tex.Fam.Code Ann. § 54.11 (West Supp.1994). Appellant brings twenty-six points of error, which can be divided into three broad areas of complaint: (1) the trial court erred in recessing the transfer hearing until a date less than thirty days before appellant's eighteenth birthday; (2) the trial court erred in admitting evidence relevant to a count dismissed by plea bargain, thus allowing the State to prove by a lesser burden than beyond a reasonable doubt that appellant committed a different offense from the one for which he was adjudged delinquent; and (3) the trial court abused its discretion in ordering appellant's transfer to the Texas Department of Criminal Justice. We will affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 1989, pursuant to a plea bargain, appellant waived certain of his procedural rights under the Family Code and signed a stipulation in which he judicially confessed to having engaged in delinquent conduct by committing the offense of aggravated sexual assault, by his acts and words placing the victim in fear of serious bodily injury. The prosecutor waived four other counts, including counts alleging that appellant committed the assault by using or exhibiting a deadly weapon. At the disposition hearing, the juvenile court sentenced appellant to a determinate sentence of twenty years.

On January 12, 1993, thirty-two days before appellant's eighteenth birthday, the juvenile court commenced a hearing to determine whether appellant should be released under supervision of the Texas Youth Commission ("TYC") or transferred to the Texas Department of Criminal Justice ("TDCJ"). A TYC report recommending that appellant be released under its supervision was admitted into evidence at the beginning of the hearing. After the testimony of only two witnesses, a representative of TYC and the victim of the offense, the hearing was recessed. Appellant objected to any recess beyond the next day, January 13. The court, however, scheduled the hearing to resume on January 19.

On January 19, 1993, the hearing resumed and was concluded. On January 20, the court signed an order transferring appellant to TDCJ for the completion of his determinate sentence. The court signed findings of fact and conclusions of law on February 9.

## DISCUSSION

### 1. Continuance of Hearing

Appellant brings eight points of error complaining of the trial court's continuance of the hearing. In point of error four, appellant contends that the trial court erred in granting a recess from the hearing on January 12 until January 19. In point of error five, appellant asserts that the trial court erred in failing to complete the hearing on January 13. In point of error six, appellant asserts that the trial court erred in finding that: "On January 12, 1993, a hearing was held in this matter." In point of error seven, appellant contends that the trial court erred in making the finding or conclusion that: "This hearing

was held before thirty days before [appellant's] eighteenth birthday in accordance with § 54.11(h) of the Texas Family Code." In points of error eight and nine, appellant asserts that there was no evidence or insufficient evidence to support the finding that: "This court sitting as a juvenile court, did not receive notice of the transfer/release hearing until January 5, 1993, 39 days before [appellant's] eighteenth birthday." In points of error eighteen and nineteen, appellant contends that there was no evidence or insufficient evidence to support the "mislabeled conclusion of law" that "[TYC] failed to comply with Section 61.079 of the Texas Human Resources Code."

Section 54.11(h) of the Family Code provides that a release hearing "must be held before 30 days before the person's 18th birthday." Although appellant's release hearing began more than thirty days before his eighteenth birthday, it did not conclude until less than thirty days before his birthday.

Appellant asserts that "held" in section 54.11(h) refers to a complete hearing. Therefore, because appellant's hearing was not completed at least thirty days before his eighteenth birthday, appellant contends that the order of transfer must be vacated. Appellant also bases much of his argument on the relationship between section 54.11 of the Family Code and the 1987 version of section 61.084 of the Human Resources Code.[1] Appellant contends that if a release hearing had not been held, he would have been automatically transferred to TDCJ, resulting in a violation of his constitutional rights to due process. He asserts that he "was prevented, by the Court not holding the hearing in compliance with the time deadline of § 54.-

---

1. Under former section 61.084(b) of the Human Resources Code,

 [TYC] shall transfer to [TDCJ] a person who is 18 years of age and who was committed to [TYC] under a determinate sentence ... if:

 (1) the sentence has not been completed by the person before the 18th birthday of the person;

 (2) the person has not been finally released by [TYC] with the approval of the juvenile court that entered the order of commitment; and

 (3) the person has not been the subject of an order by the juvenile court that entered the order of commitment requiring [TYC] to release the person.

Act of May 27, 1987, 70th Leg., R.S., ch. 385, § 16, 1987 Tex.Gen.Laws 1891, 1897 (Tex.Human Res.Code § 61.084(b), since amended).

11(h), from having an opportunity to obtain an [sic] court order releasing him prior to transfer to the [TDCJ]."

■ We believe the term "held" in section 54.11(h) of the Family Code should be construed to mean that the transfer hearing must *begin* more than thirty days before the potential transferee's eighteenth birthday. *See* Robert O. Dawson, *Texas Juvenile Law* 195 (3d ed. 1992). In other words, "held" refers only to the beginning of the hearing, not to its conclusion. Had the legislature intended that the hearing be *completed* at least thirty days before the juvenile's eighteenth birthday, or that the court's order be *rendered* or *signed* by such date, it would have been a simple matter for the legislature to have so specified in the statute itself.

■ Furthermore, we fail to see how appellant was harmed by the recess. *See* Tex. R.App.P. 81(b)(1). The harm that appellant complains of would have occurred only if no transfer hearing had been held at all. However, appellant was afforded a full hearing, which concluded before his eighteenth birthday. Appellant's points of error four through seven are overruled.

■ In points of error eight and nine, appellant complains of the trial court's finding that it did not receive notice of the transfer hearing until thirty-nine days before appellant's eighteenth birthday. In points of error eighteen and nineteen, appellant complains of the trial court's finding that TYC failed to timely send a notice of transfer in compliance with section 61.079 of the Human Resources Code. We fail to see how appellant was harmed by these findings, even if they were erroneous. *See* Tex.R.App.P. 81(b)(1). We overrule appellant's eighth, ninth, eighteenth, and nineteenth points of error.

## 2. Admission of Evidence of Knife

Appellant brings two points of error in which he complains of the admission of evidence that he used a knife in committing the aggravated sexual assault for which his determinate sentence was imposed. In point of error twenty-five, appellant asserts that the trial court erred in permitting introduction of evidence of a count dismissed by plea bargain. In point of error twenty-six, appellant contends that the trial court erred by allowing the State to prove by a lesser burden of proof than "beyond a reasonable doubt" that he committed a different offense from the one of which he was convicted.

■ In July 1989 appellant entered a "Stipulation" in which he "judicially confessed" to the allegations in the State's petition. Four counts of the petition, three of which involved allegations that a knife was used in the offense, had been "crossed out." The fifth and remaining count, to which appellant judicially confessed, did not involve an allegation regarding a knife. Appellant claims that the crossed-out counts were dismissed and, therefore, that evidence that a knife was used in the assault should not have been admitted at the transfer hearing.

Appellant has not properly preserved these points of error for appeal. In describing the attack, the victim testified that appellant used a knife. Appellant did not object to this testimony. A timely objection, stating the specific grounds for the desired ruling, must be made to preserve error for appeal. Tex.R.App.P. 52(a); *see C.D.R. v. State,* 827 S.W.2d 589, 592 (Tex.App.—Houston [1st Dist.] 1992, no writ). We do not agree with appellant's characterization of the alleged error as "fundamental," nor do we believe that appellant properly preserved these points by raising them for the first time in a motion for new trial.

■ However, even if we believed that appellant properly preserved the points, we would conclude that the trial court did not err in admitting the evidence. We disagree with appellant's characterization that the evidence was used to show he committed a different offense from the one to which he judicially confessed. The release hearing did not involve issues of guilt or innocence, nor a

determination or imposition of punishment; rather, the only issue was whether appellant should be transferred to TDCJ or released under the TYC parole plan. In making this determination, the court was guided by section 54.11(j) of the Family Code, which authorized the court to consider "the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed[.]" We conclude that evidence that a knife was used in the attack was admissible to show the manner in which the aggravated sexual assault was committed.

 Appellant also argues that the State was bound by its earlier plea bargain and could not introduce evidence regarding the knife. However, there is nothing in the record to indicate what agreement was reached between appellant and the State. Finally, appellant argues that the State was collaterally estopped from presenting evidence that a knife was used in the attack. As support for this proposition, appellant cites *Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim.App.1986). In *Tarver*, the court held that the state could not prosecute an assault case where the facts supporting the charge had been affirmatively found "not true" in a probation revocation hearing. *Id.* at 198. The court emphasized the narrowness of its holding, noting that a mere overruling of a motion to revoke probation, without an express finding as to an essential fact, would not bar subsequent prosecution. *Id.* at 200. Furthermore, an acquittal of the offense would not bar a subsequent revocation of probation based on the same allegations. *Id.* The facts of this case are distinguishable from those in *Tarver*. In this case, the trial court in the adjudication proceeding did not make an affirmative finding that a knife was not used. Instead, the counts relating to the use of the knife were simply dismissed. We overrule points of error twenty-five and twenty-six.

### 3. Order of Transfer

Appellant challenges the trial court's order of transfer in three ways. First, in point of error twenty-four, appellant asserts that the trial court abused its discretion in ordering his transfer to TDCJ. Second, in thirteen points of error, appellant challenges the legal and factual sufficiency of the evidence to support some of the trial court's findings of fact and conclusions of law.[2] Third, in points of error twenty-two and twenty-three, appellant complains that the trial court failed to consider all the factors set forth in section 54.11 of the Family Code and considered a factor not listed in that section.

 The trial court had discretion to determine whether to order a transfer to TDCJ for the completion of the determinate sentence or to order a release under the supervision of TYC.[3] In exercising this discretion, the Family Code provides that the court

> may consider the experiences and character of the person before and after commitment to the youth commission, the nature of the penal offense that the person was

2. Appellant challenges the following findings of fact:
 13. [Appellant's] aggressive impulsivity did not decrease during his commitment to [TYC].
 14. [TYC] has minimized the risks involved in releasing [appellant] into the community.
 15. [TYC's] parole plan does not sufficiently address the risks involved in releasing [appellant].
 16. Release at this time would pose serious problems because [appellant] is not inclined to turn toward others for help.
 Appellant also challenges the following conclusions of law:
 7. At this time, it is in [appellant's] best interest to be transferred to [TDCJ].

8. At this time, [appellant's] transfer to the [TDCJ] is in the best interest of the community.

3. The court's options in this case were governed by former section 54.11(i) of the Family Code. Act of May 27, 1987, 70th Leg., R.S., ch. 385, § 13, 1987 Tex.Gen.Laws 1891, 1897. That section has now been amended to allow the court to order a transfer to TDCJ for the completion of the determinate sentence, recommit to TYC without a determinate sentence, or order a final discharge. Family Code § 54.11(i).

found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of the youth commission and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.

Family Code § 54.11(j). The trial court is not required to consider all of the factors, and the court is expressly allowed to consider unlisted but relevant factors. Evidence of *each* listed factor is not required. Similarly, the court may assign different weights to the factors it considers.

 In reviewing the trial court's decision, we utilize an abuse of discretion standard. *In re J.C.D.*, 874 S.W.2d 107, 108 (Tex.App.—Austin 1994, no writ); *Garrett v. State*, 847 S.W.2d 268 (Tex.App.—Texarkana 1992, no writ); *C.D.R.*, 827 S.W.2d 589. To apply that standard, we look to see whether the court acted without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *J.C.D.*, 874 S.W.2d at 108; *Garrett*, 847 S.W.2d at 270. Stated somewhat differently, we must determine whether the trial court acted in an unreasonable or arbitrary manner. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991). We may not reverse for abuse of discretion merely because we disagree with the trial court's decision, as long as the decision was within the trial court's discretionary authority. *Beaumont Bank, N.A.*, 806 S.W.2d at 226; *J.C.D.*, 874 S.W.2d at 108.

The trial court in this case made the following findings of fact:

7. A [TYC] representative testified that [appellant] poses a moderate to high risk of re-offending. A moderate risk means the person will re-offend if no therapy is provided, high risk means the person will re-offend regardless if therapy is provided.

8. [Appellant] continues to have considerable difficulty with sex-offender issues, and it is in this area which he is most likely to display lapses of emotional control.

9. [Appellant] committed the offense of Aggravated Sexual Assault in a brutal manner.

10. The victim of the assault suffers from life-long injuries as a result of the manner in which the offense was committed.

11. The victim of the assault is fearful of her safety if [appellant] were to be released as a result of this hearing.

12. At this time, [appellant] has served less than one-fourth of his sentence.

. . . .

20. The Court finds that the testimony of [appellant] lacked credibility.

Appellant does not challenge these findings on appeal, and our review of the record indicates they are supported by sufficient evidence. Instead, Appellant challenges other findings and points to testimony that would have supported a decision to release him under the TYC parole plan.

 We do not review the trial court's action by determining whether we would have made the same decision, but rather by determining if the trial court's action was without reference to guiding rules or principles or was unreasonable or arbitrary. *Beaumont Bank, N.A.*, 806 S.W.2d at 226; *J.C.D.*, 874 S.W.2d at 108; *Garrett*, 847 S.W.2d at 270. After reviewing the record in light of the factors set forth in section 54.-11(j) of the Family Code, we cannot say that the trial court abused its discretion in ordering appellant transferred to TDCJ for the remainder of his determinate sentence. We overrule appellant's point of error twenty-two, twenty-three, and twenty-four. Because we find that the trial court did not abuse its discretion, we do not address points of error one through three, ten through seventeen, twenty, and twenty-one, which attack the legal and factual sufficiency of the evidence

to support several of the trial court's findings of fact and conclusions of law.

## CONCLUSION

We affirm the trial court's order.