CV5-243.M.C. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00243-CV







In the Matter of M. C.









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. J-11,118, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 

PER CURIAM


 The juvenile court adjudged M.C., a minor, had engaged in delinquent conduct
after he pleaded guilty to murder. (1) At disposition, the court assessed a twenty-five-year
determinate sentence and committed M.C. to the Texas Youth Commission. (2) Shortly before
M.C.'s eighteenth birthday, the juvenile court conducted a release hearing, pursuant to Family
Code section 54.11, to decide whether to transfer him to the Institutional Division of the Texas
Department of Criminal Justice to complete his determinate sentence or recommit him to the
Texas Youth Commission without a determinate sentence. The juvenile court ordered that M.C.
be transferred to the Institutional Division at his eighteenth birthday to serve the remainder of his
determinate sentence. By a single point of error, M.C. contends that the juvenile court abused
its discretion when ordering him transferred to the Institutional Division. We will affirm the
juvenile court's judgment.

 Section 54.11 describes the procedure to which a juvenile court must adhere in
deciding whether a juvenile who has received a determinate sentence should, upon reaching the
age of eighteen, continue serving the determinate sentence, and if so, where he should be
confined. Section 54.11(j) provides:



In making a determination under this section, the court may consider the
experiences and character of the person before and after commitment to the youth
commission, the nature of the penal offense that the person was found to have
committed and the manner in which the offense was committed, the abilities of the
person to contribute to society, the protection of the victim of the offense or any
member of the victim's family, the recommendations of the youth commission and
prosecuting attorney, the best interests of the person, and any other factor relevant
to the issue to be decided.



Act of May 22, 1987, 70th Leg., R.S., ch. 385, § 13, 1987 Tex. Gen. Laws 1896 (since
renumbered as Tex. Fam. Code Ann. § 54.11(k)). The juvenile court is not required to consider
all of the statutory factors, and the court is expressly allowed to consider unlisted but relevant
factors. In re C.L., Jr., 874 S.W.2d 880, 886 (Tex. App.--Austin 1994, no writ). Moreover, the
court may assign different weights to the factors it considers. Id.

 In reviewing the juvenile court's decision, we determine whether the juvenile court
abused its discretion. J.R.W. v. State, 879 S.W.2d 254, 256 (Tex. App.--Dallas 1994, no writ);
C.L., Jr., 874 S.W.2d at 886. In determining whether the juvenile court abused its discretion,
we must decide whether the court acted without reference to guiding rules or principles. C.L.,
Jr., 874 S.W.2d at 886 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986)). We may not reverse a juvenile court's
judgment for abuse of discretion merely because we disagree with the court's decision, as long
as the decision was within the juvenile court's discretionary authority. C.L., Jr., 874 S.W.2d at
886. We review the entire record to determine whether the juvenile court followed the guiding
rules and statutes.

 M.C. contends that the deciding factor, and the factor to which the juvenile court
gave the most weight in its decision to transfer M.C. to the Institutional Division, was the conduct
of M.C.'s mother. (3) While acknowledging that the juvenile court may consider factors other than
those listed in section 54.11(j), M.C. posits that his mother's conduct was an irrelevant factor and
that it was improper for the court to have considered it. We disagree.

 The juvenile court's consideration of M.C.'s mother's conduct was relevant in light
of the listed factors in section 54.11(j). M.C. lived with his mother at the time of his offense and
her actions are relevant to his experiences before and after his commitment to the youth
commission. In reviewing the entire record, it appears to us that the trial court carefully
considered its decision to transfer M.C. to the Institutional Division. Though as M.C. points out,
the record reflects that the Youth Commission psychologist specifically recommended that M.C.
be placed on parole in a halfway house or in a similarly structured residential treatment facility,
other evidence reflects that the juvenile court acted within its discretion when ordering that M.C.
be transferred to the Institutional Division. The recommendation of the Youth Commission is
only one of several factors that the juvenile court is instructed that it may consider, and section
54.11 does not elevate that recommendation above any of the other listed factors. In re J.C.D.,
874 S.W.2d 107, 109 (Tex. App.--Austin 1994, no writ). After reviewing the record in light of
all of the factors set forth in section 54.11(j), we cannot say that the juvenile court abused its
discretion in ordering M.C. transferred to the Institutional Division for the remainder of his
determinate sentence. We overrule M.C.'s point of error. We affirm the juvenile court's
judgment.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 21, 1996

Do Not Publish

1.   M.C. confessed to intentionally and knowingly causing the death of an individual by
stabbing him with a knife multiple times on July 22, 1990, when M.C. was thirteen years
old. 
2.   The provisions authorizing a determinate sentence are found in Texas Family Code
sections 53.045, 54.04, 54.11 and Texas Human Resources Code section 61.079. Tex.
Fam. Code Ann. §§ 53.045, 54.04, 54.11 (West Pamphlet 1996); Tex. Hum. Res. Code
Ann. § 61.079 (West Supp. 1996). 
3.   The record shows that M.C.'s mother had not corresponded with her son since he
was sent to the Youth Commission. Testimony during the proceedings reflected that she
expressed little interest in her son's well being before he was sent to the Youth
Commission and that M.C. was harmed by her lack of interest.


 factor relevant
to the issue to be decided.



Act of May 22, 1987, 70th Leg., R.S., ch. 385, § 13, 1987 Tex. Gen. Laws 1896 (since
renumbered as Tex. Fam. Code Ann. § 54.11(k)). The juvenile court is not required to consider
all of the statutory factors, and the court is expressly allowed to consider unlisted but relevant
factors. In re C.L., Jr., 874 S.W.2d 880, 886 (Tex. App.--Austin 1994, no writ). Moreover, the
court may assign different weights to the factors it considers. Id.

 In reviewing the juvenile court's decision, we determine whether the juvenile court
abused its discretion. J.R.W. v. State, 879 S.W.2d 254, 256 (Tex. App.--Dallas 1994, no writ);
C.L., Jr., 874 S.W.2d at 886. In determining whether the juvenile court abused its discretion,
we must decide whether the court acted without reference to guiding rules or principles. C.L.,
Jr., 874 S.W.2d at 886 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986)). We may not reverse a juvenile c