TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-05-00242-CV





In the Matter of I. P.





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-21,768, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N


                        I.P. appeals from the juvenile court’s order committing him to the custody of the
Texas Youth Commission (“TYC”). In two issues, I.P. contends that the commitment order is
deficient because it does not state specifically the reasons for the modification and that the court
abused its discretion by committing him to TYC. See Tex. Fam. Code Ann. § 54.05(i) (West Supp.
2005). Because we conclude that the order modifying probation is not deficient and that the district
court did not abuse its discretion, we affirm the district court’s order.

BACKGROUND
                        On January 28, 2005, I.P. was placed on nine months’ probation for a state jail felony
graffiti charge. One term of I.P.’s probation required him to enroll at the Alternative Learning
Center (“ALC”) and attend every class on each school day. Disciplinary suspension from school was
considered an unexcused absence. I.P. did not enroll at ALC on January 28, 2005, and did not attend
class during the week of January 31 through February 4, 2005. On February 7, 2005, I.P. enrolled
at ALC and attended class. At the end of that first day, he was approached by the assistant principal,
who had noticed gang-related tattoos on the back of I.P.’s legs. She informed him that he could not
wear shorts to school and that he should wear long pants to cover up his tattoos. I.P. responded by
cursing repeatedly at the assistant principal. As a result of this outburst, I.P. was suspended from
school for two days. 
                        On February 15, 2005, the State filed a motion to modify disposition. The motion
alleged that I.P. violated the terms of his probation when he was suspended from school on February
7, 2005. The motion also alleged two other probation violations: testing positive for marihuana on
February 8, 2005, and failing to attend ALC as directed. At a hearing on February 28, 2005, the
State waived the latter two violations, and I.P. admitted to the probation violation concerning his
suspension from school. The court then heard evidence regarding sentencing.
                        I.P.’s probation officer testified that I.P. had been on probation in 2002 for multiple
burglaries. This past history of delinquency, combined with I.P.’s recent probation violations,
prompted the probation officer to conclude that commitment to TYC would be in I.P.’s best interest. 
The district court committed I.P. to TYC. But the court suspended its order until March 21 to give
I.P. an opportunity to “change a little bit.” The court informed I.P. that, if his behavior improved,
he would be allowed to remain on probation instead of being committed to TYC. 
                        At the hearing on March 21, 2005, I.P.’s probation officer testified that since the
February 28, 2005 hearing, he had received a police report stating that I.P. and six others were
observed exiting a vehicle that had been stolen and pushed into a drainage ditch. According to the
probation officer, I.P. was not arrested in connection with this incident. I.P. testified that one of the
individuals involved in the stolen car incident was “supposedly” on probation, but I.P. denied
knowing that the conditions of I.P.’s probation prohibited him from associating with someone who
was on probation. The court also heard testimony that, since the February 28 hearing, I.P. had again
been a disciplinary problem at school. He was removed from his classroom for being
“noncompliant” and “disruptive,” and after being taken to the school office, continued to be rude and
insubordinate. At the conclusion of this second hearing, the district court committed I.P. to TYC for
an indeterminate amount of time, not to extend past I.P.’s 21st birthday. The court’s order stated:
 
“The Respondent [I.P.] will not accept parental supervision and has demonstrated a
disregard for all authority. [I.P.], in [I.P.’s] home, cannot be provided the quality of
care and level of support and supervision that [I.P.] needs to meet the conditions of
probation. All reasonable efforts were made to prevent or eliminate the need for
[I.P.’s] removal from home and to make it possible for [I.P.] to return home. The
Court further finds that [I.P.] has been removed from his home and the Court
approves of the removal. The court further finds that the local resources of this Court
are not adequate to meet such needs or accomplish the necessary protection of the
public.”
 
 
This appeal followed.


DISCUSSION
                        I.P. brings two issues on appeal. He first asserts that the trial court’s order modifying
his disposition is deficient for failure to comply with Texas Family Code section 54.05 because it
does not “specifically” state the reasons for the modification. See Tex. Fam. Code Ann. § 54.05(i). 
In his second issue, he urges that the trial court abused its discretion by committing him to TYC. 
Standard of review
                        Juvenile courts have broad discretion to determine a suitable disposition for children
who have engaged in delinquent conduct. In re A.I., 82 S.W.3d 377, 379-80 (Tex. App.—Austin
2002, pet. denied). Absent an abuse of discretion, we will not disturb a district court’s decision. In
re M.S., 940 S.W.2d 789, 791 (Tex. App.—Austin 1997, no writ). In reviewing the trial court’s
ruling for an abuse of discretion, we examine whether the court acted without reference to guiding
rules or principles. In re C.L., 874 S.W.2d 880, 886 (Tex. App.—Austin 1994, no writ). We must
determine whether the trial court acted in an unreasonable or arbitrary manner. Id. We may not
reverse for abuse of discretion, even if we might disagree with the trial court’s decision, as long as
the decision was within the trial court’s discretionary authority. Id. I.P. “acknowledges that the
evidence was factually and legally sufficient to find that he violated the conditions of his probation.”
Therefore, the only issue before us is whether the trial court acted arbitrarily or unreasonably in
modifying its disposition.

Specificity of the district court’s order
                        Texas Family Code section 54.05(i) states “[t]he court shall specifically state in the
order its reasons for modifying the disposition . . . .” Tex. Fam. Code Ann. § 54.05(i). This
requirement ensures that appellate courts can determine whether the evidence supports the reasons
recited in the court’s order and whether those reasons are sufficient to justify the disposition. In re
L.R., 67 S.W.2d 332, 336-37 (Tex. App.—El Paso 2001, no pet.); see also In re J.R., 907 S.W.2d
107, 110 (Tex. App.—Austin 1995, no writ). The requirement also assures that the child will have
notice of the court’s reasons for modifying the disposition and will be in a position to challenge them
on appeal. In re J.R., 907 S.W.2d at 110. Statutory recitals in an order, by themselves, do not
suffice as the required reasons for a court’s ruling. In re J.T.H., 779 S.W.2d 954, 959 (Tex.
App.—Austin 1989, no writ). But tracking statutory language in an order, when supplemented with
additional findings, is sufficient to meet the requirement of section 54.05(i). See id. (considering
Texas Family Code § 54.04(f) which contains language identical to that in section 54.05(i)). In In
re J.T.H. this Court considered a district court’s order that contained statutory recitals from section
54.04(c) but added: “Considering the seriousness of the offense, all the circumstances surrounding
the offense and the protection of the public, it is in the child’s best interest to be placed outside the
home.” Id. at 959. We held that, although the order consisted largely of statutory language, the
inclusion of the sentence assessing the offense and the circumstances surrounding it sufficed as
specific reasons for the court’s disposition. Id.
                        Here, the statutory recitals in the district court’s order were supplemented by the
court’s findings that “[I.P.] will not accept parental supervision and has demonstrated a disregard
for all authority” and that the “local resources of [the] court are not adequate to meet [I.P.’s] needs
or accomplish the necessary protection of the public.” These findings are supported by evidence
that, while I.P. was living at home his parents were unable to prevent his marihuana use, his
association with others who were on probation, and his participation in an incident involving a stolen
vehicle. The record also shows that I.P. continued to be a disciplinary problem at ALC, despite
being informed that his conduct would determine whether he remained on probation or was
committed to TYC. Furthermore, I.P.’s probation officer testified that I.P. had been through most
of the programs offered as alternatives to TYC, including intensive supervision and probation. He
opined that commitment to TYC would be in the best interest of I.P. and the community.
                        Because the statutory language was supplemented by additional reasons that find
support in the record, we conclude that the order was sufficiently specific to satisfy section 54.05(i). 
I.P.’s first point of error is overruled.
Commitment to TYCThe dual policy goals of the juvenile justice code are protecting the public and
rehabilitating juvenile offenders. See Tex. Fam. Code Ann. § 51.01 (West 1995). Whenever
possible, rehabilitation should occur in a family environment. Id. § 51.01(5). However, when there
is a history of delinquent behavior and a juvenile refuses to obey authority, rehabilitation in a family
environment may not be appropriate. I.P. had previously been placed on probation for multiple
burglaries in 2002. He admitted that he violated his probation by being suspended from school. I.P.
was given a second chance to remain on probation rather than be committed to TYC, if he improved
his behavior after the February 28, 2005 hearing. Despite the court’s admonitions, during the three
weeks between the February and March hearings, I.P. was once again disciplined at school for being
disruptive in class and refusing to obey school authorities. During the same three-week period, I.P.
was seen exiting a stolen vehicle and associated with an individual who was on probation.
                        Texas Family Code section 54.05(f) states that a court may modify its disposition to
commit a child to TYC if it finds from a preponderance of the evidence that the child violated the
court’s reasonable and lawful order. Tex. Fam. Code Ann. §54.05(f) (West Supp. 2005). I.P.
admitted to violating his probation by his suspension from school on February 7, 2005. I.P. violated
a reasonable and lawful court order and continued his delinquent conduct during the attempt to
rehabilitate him in his family environment. Section 54.05(f) authorized the district court to commit
him to TYC for violating the order. Therefore, hold that the district court acted in accordance with
a guiding legal principle in committing I.P. to TYC. See In re C.L., 874 S.W.2d at 886. Moreover,
it was reasonable for the district court to determine that rehabilitation of I.P. in a family environment
was inappropriate based upon his continued delinquency and the violations of his probation
conditions. For these reasons, we conclude that the district court did not abuse its discretion by
committing I.P. to TYC. We overrule I.P.’s second issue. 

CONCLUSION
Having overruled both of I.P.’s issues, we affirm the district court’s order.
 
 
__________________________________________
                                                                        Bob Pemberton, Justice
Before Chief Justice Law, Justices Pemberton and Waldrop
Affirmed
Filed: June 15, 2006