NO












NO. 12-05-00324-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          APPEAL
FROM THE 

 

IN THE MATTER OF V.J., §          COUNTY
COURT AT LAW OF

A JUVENILE

§          HOUSTON COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            V.J. appeals
from a juvenile court order committing him to the Texas Youth Commission. In
two issues, V.J. complains that the juvenile court did not request and then
consider unspecified reports before committing him to the Texas Youth Commission
and that the decision to commit him was an abuse of the court’s
discretion.  We affirm.

 

Background

            On
July 6, 2004, the juvenile court found beyond a reasonable doubt that V.J. had
engaged in delinquent conduct. 
Specifically, V.J. committed what would have been a terroristic threat,
had he been an adult, by threatening one of his teachers with serious bodily
injury.  See Tex. Pen. Code Ann. § 22.07 (Vernon
2005).  The court ordered that V.J. be
placed on probation with certain terms and conditions.  See
Tex. Fam. Code Ann. § 54.04(d) (Vernon 2005). 

            In
January 2005, the State filed to modify the court’s earlier disposition of the
matter.  The State alleged that V.J. had
violated the laws of the State of Texas
by operating a motor vehicle without the permission of the owner and that he
had violated curfew restrictions.  V.J.
stipulated to the unauthorized use of a motor vehicle allegation, and the
juvenile court modified the terms of his probation to include more stringent
monitoring.








            In
February 2005, the State again filed to modify the earlier disposition alleging
that V.J. had committed what would be a criminal offense had he been an adult,
specifically, a terroristic threat.  The
court found this allegation to be true and returned V.J. to probation.

            In
June 2005, the State filed another motion to modify the earlier disposition
alleging that V.J. operated a motor vehicle without the permission of the owner
and left the Methodist Boys Home in Waco,
 Texas, without finishing the
program.  Two amended motions were filed
alleging that V.J. had tested positive for marijuana, gotten into a fight, and
gone to a location without the permission of his parents. 

            A
hearing was held, and V.J. pleaded “true” to the allegation that he tested
positive for marijuana and “not true” to the other allegations.  The court found that V.J. had tested positive
for marijuana, that he had left the Methodist Boys Home against the wishes of
his parents, and that he visited a location in Grapevine, Texas, also against
his parent’s wishes.  The court committed
V.J. to the Texas Youth Commission.  This
appeal followed.

 

Consideration
of Reports

            In
his first issue, V.J. contends that the trial court erred when it did not “request
and use” any reports before it determined that he would be committed to the
Texas Youth Commission.  As support for
this argument, V.J. directs us to Texas Family Code Sections 54.04 and 54.05,
which provide that the trial court may consider written reports at a
disposition hearing or a hearing to modify disposition.  Id.
§§ 54.04(b), 54.05(e) (Vernon 2005).  

            V.J.
took no action to preserve this complaint in the court below, and it is raised
for the first time on appeal.  Generally,
and with some exceptions that do not apply here, a complaint must be raised in
the court below as a prerequisite to our consideration.  See Tex.
R. App. P. 33.1(a)(1)(A).  In
this case, the trial court called for the submission of any reports for its
consideration.  The State offered a
report, which the trial court received over V.J.’s objection.  V.J. offered no reports and did not request
that additional reports be prepared.  The
trial court did not refuse to consider any report.             Even
if the complaint had been preserved, there is no error.  Family Code Sections 54.04 and 54.05 provide
a hearsay exception to allow a trial court to consider otherwise inadmissible
information.  See In re C.J.H.,
79 S.W.3d 698, 705 (Tex.
App.–Fort Worth 2002, no pet.).  The
statutes do not require the court to do anything in particular and certainly do
not, as V.J. suggests, require the court to order that reports be generated and
then consider them.  The court considered
every report that was presented.  We
overrule V.J.’s first issue.

 

Commitment
to Texas
Youth Commission

            In
his second issue, V.J. complains that the trial court abused its discretion
when it committed him to the Texas Youth Commission.  

Standard of Review

            The
decision to commit a youthful offender to the Texas Youth Commission is
discretionary and subject to review for an abuse of discretion.  In re J.P., 136 S.W.3d 629, 632
(Tex.
2004).  The juvenile court abuses its
discretion when it acts arbitrarily or unreasonably, or without reference to
guiding rules and principles.  In
re C.L., Jr., 874 S.W.2d 880, 886 (Tex. App.–Austin 1994, no
writ).  A trial court does not abuse its
discretion merely because it reaches a different conclusion than the reviewing
court might have reached.  In re
C.J.H., 79 S.W.3d at 702. 

            A
plea of true to an alleged violation of probation is analogous to a judicial
confession and justifies a finding that the violation was committed.  In re M.A.L., 995 S.W.2d 322,
324 (Tex. App.–Waco 1999, no pet.).  When
the issue is commitment to the Texas Youth Commission, however, the test is not
simply whether the evidence is sufficient. 
As the supreme court has noted, commitment to the Texas Youth Commission
by modification order is proper if a juvenile originally committed a felony or
multiple misdemeanors and subsequently violated one or more conditions of
probation.  In re J.P., 136
S.W.3d at 633 (citing Tex. Fam. Code  § 54.05(f), (k)).  Even then, commitment is not required, and if
a trial court “arbitrarily removes a child from home for a trivial infraction,
nothing in the statute prohibits the appellate judges of Texas from doing something about it.”  Id.
at 632.  As Justice Schneider observed,
the legislature has expressed its intent that commitment to the Texas Youth
Commission is to be reserved for serious juvenile offenders.  Id.
at 634 (J. Schneider, concurring). 

Analysis

            Before
reaching its judgment, the juvenile court carefully considered the evidence
before it, the time line of its interactions with V.J., and the efforts made to
dissuade V.J. from his course.  The court
had strategically placed V.J. in a secure detention facility, including over
the 2004 Christmas holiday, removed him from his mother’s custody, subjected
him to drug testing, placed him in alternative school, ordered that he be home
schooled, ordered him to do community service, modified the terms of his probation
at least twice, and allowed him to go to a boys’ ranch.  During this time, V.J. committed what would
have been a felony had he been an adult, used marijuana, left the boys’ ranch
after less than two weeks, and threatened a teacher. 

            V.J.
concedes that there was sufficient evidence to support the disposition.  He argues instead that the juvenile court
abused its discretion when it committed him to the Texas Youth Commission.  This is a case where reasonable minds could
disagree about the appropriate disposition. 
V.J.’s criminal conduct, while persistent, is not the most serious, and
he does not present the highest risk to public safety.  On the other hand, as the Texas Supreme Court
has recognized, “the statute allows a trial court to decline third and fourth
chances to a juvenile who has abused a second one.”  In re J.P., 136 S.W.3d at
633.  The juvenile court did not
reflexively commit V.J. to the Texas Youth Commission.  The court only made that decision after it
had used other reasonable intermediate measures to attempt to reform his
conduct.  Even then, the court carefully
considered the available options and made a reasoned judgment as to what
disposition was in V.J.’s best interest. 
The juvenile court did not abuse its discretion.  We overrule V.J.’s second issue.

 

Disposition

            We
affirm the judgment of the trial court.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered July 12, 2006.

Panel consisted of Worthen,
C.J. and Griffith,
J. 

 

 

 

 

(PUBLISH)