SIESTER MITCHELL V. THE STATE.

No. 10388.   Delivered November 10, 1926.

**1.—Assault to Murder—Grand Jury—Discrimination in Selecting—Not Established.**

Where appellant, a negro, sought to have the indictment against him set aside for alleged discrimination against his race in the selection of the grand jury which returned the indictment, and in support of his contention showed by some attorneys in the general practice of law that for many years no person of the negro race had served on the grand jury, such proof was not sufficient to establish any discrimination against the negro race. Following Roberts v. State, 81 Tex. Crim. Rep. 227, and Pollard v. State, 58 Tex. Crim. Rep. 299.

**2.—Same—New Trial—Properly Refused.**

Where, on the hearing of his motion for a new trial appellant offered to establish by jury commissioners that the negro race in Bexar County had been discriminated against in the selecting of grand juries, the court properly refused to hear the evidence. If available, it should have been produced when his motion to quash the indictment was heard, and came too late on his motion for a new trial.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction of an assault to murder, penalty ten years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*C. M. Chambers,* District Attorney; *Carl Wright Johnson;*

Assistant District Attorney; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

Conviction is for assault with intent to murder, punishment being ten years in the penitentiary.

It is not necessary to recite the evidence. It fully supports the verdict and judgment. Appellant is a negro. He sought to have the indictment set aside for alleged discrimination against his race in the selection of the grand jury which returned the indictment. In support of this contention he proved by lawyers connected with the District Attorney's office and by some attorneys in the general practice of law that for many years no person of the negro race had served on the grand jury. This was the extent of the evidence produced in support of the motion. Appellant apparently seeks to have this court draw the inference that merely because no negroes had served on grand juries for several years therefore there must have been discrimination against his race in selecting the particular grand jury which indicted him. This inference would be unwarranted. Roberts v. State, 81 Tex. Crim. Rep. 227, 195 S. W. 189; Pollard v. State, 58 Tex. Crim. Rep. 299, 125 S. W. 390. Where a party asserts that discrimination was practiced it devolves on him to prove it. In this instance no member of the jury commission which selected the grand jury was called as a witness although they were known to appellant or could have been easily ascertained from the records of the court. The motion was properly overruled.

Appellant urged as one ground for new trial the action of the court in overruling his plea of discrimination in selecting the grand jury, and says upon hearing the motion he "offered to produce, if permitted by the court, the grand jury commissioners that have acted in Bexar County for the past few years," and complains because he was not allowed to do this. The bill presenting this matter does not give the names of said commissioners, nor does .it inform us what their testimony would have been if the court had permitted them to be produced. Their testimony, whatever it might have been, could in no sense be classed as newly discovered. Their identity and evidence was as easily discoverable and ascertainable before the motion was presented at the inception of the trial as it was upon motion for new trial.

Other than the points discussed no question is presented for review.

The judgment is affirmed.                    *Affirmed.*