Michael Ray ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0762–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 24, 1982.

---

Gerald Hopkins, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before DOYLE, PRICE and WARREN, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of attempted capital murder and assessed his punishment at 55 years imprisonment.

On March 29, 1974, appellant, who was then 16 years old, shot and wounded Glen Carl Wahlstrom during the robbery of a convenience store. Three days later, he returned to the same convenience store, and during the course of another robbery shot Eric Siegfried to death. On May 24, 1974, after a formal hearing, the juvenile court waived jurisdiction over the appellant for the attempted murder charge, and transferred the cause to the district court. We will not detail the history of this litigation because we are of the opinion that we need only discuss one question:

Whether the May 24, 1974 juvenile court order waiving jurisdiction is void because the record is void of any indicia of service on the juvenile.

Although the record and judgment are explicit in reciting what steps were taken prior to and during the hearing to waive jurisdiction, there is no indication in the record that summons was issued or that the appellant, who at that time a juvenile, was ever served with summons as required by Texas Family Code, sections 54.02(b), 53.06 and 53.07.

§ 53.06, provides, in pertinent part:

(a) The juvenile court shall direct the issuance of a summons to:

(1) The child named in the petition;

(b) The summons must require the persons served to appear before the court at the time set to answer the allegations of the petition. A copy of the petition must accompany the summons.

(e) A party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing.

§ 54.02 Waiver of Jurisdiction and Discretionary Transfer to Criminal Court, provides in pertinent part:

(a) The juvenile court may waive its exclusive jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(b) The petition and notice requirements of Sections 53.04, 53.05, 53.06 and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

A failure to comply with Sections 54.02(b) operates to deprive the juvenile court of its jurisdiction to consider discretionary transfer. *Johnson v. State,* 594 S.W.2d 83 (Tex.Cr.App.1980). Absent an affirmative showing of a summons in the record, the juvenile court is without jurisdiction to transfer the juvenile to district court. *In the Matter of W.L.C.,* 562 S.W.2d 454 (Tex.1978); *Grayless v. State,* 567 S.W.2d 216 (Tex.Cr.App.1978).

The State argues that in absence of some evidence to the contrary, it should be presumed that the proceedings in the juvenile court were regular and proper, and that either service was accomplished or that it was waived according to law. It also argues that the appellant's counsel was notified when the record was completed and no

objection to the record was made concerning the absence of showing of service on the juvenile. It is true that there is no affirmative showing in the record that the juvenile was not served, but we are of the opinion that we may not presume that all proceedings were regular, including service on the juvenile, because of the holdings of our Supreme Court in *In the Matter of W.L.C.,* supra. The juvenile court's docket sheet contains no entry regarding the service or request for service on the juvenile. The court's order of transfer, although thorough in its recitation regarding service on others and the various procedures required by the code as a prerequisite to transfer, was silent regarding service on appellant. There is no summons or return in the file. Under these circumstances, we may not presume the validity of the order or the proceedings. Therefore, we must reverse and remand.

We have considered appellant's remaining points of error and find no merit in any of them. Since the cause must be retried, we specifically hold that a retrial of appellant for the offense of attempted murder is not barred by the Texas Speedy Trial Act or by reason of double jeopardy.