Michael Anthony SMITH, Relator,

v.

Constable Walter RANKIN, Respondent.

No. 01–83–0303–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 19, 1983.

Frank Panzica, Houston, for relator.

Joyce Jones, Houston, for respondent.

Before WARREN, DOYLE and DUGGAN, JJ.

## OPINION

PER CURIAM.

This is an original proceeding in which relator, a juvenile, asks this court to order the Constable of Precinct No. 1, the Honorable Walter Rankin, to provide free service of subpoenas on relator's witnesses for his juvenile delinquency hearing.

Relator, a 15-year-old, is a child within the meaning of Tex.Fam.Code Ann. Title 3 (Vernon 1975). On February 17, 1983, the district attorney filed a petition for delin-quency against relator alleging he committed the offense of burglary of a vehicle. The trial judge appointed an attorney ad litem to represent relator's interests. Relator, through his attorney ad litem, requested a hearing on the delinquency adjudication. In preparation for the hearing the relator's attorney presented to Constable Rankin's office, for service, three subpoenas for service on witnesses to appear at the hearing. One of the Constable's lieutenants advised the attorney that the subpoenas would not be served unless relator paid a $10 service fee for each of the subpoenas. Relator filed a motion requesting the trial judge to order the constable to serve the subpoenas without charge. The motion was denied. The trial court then appointed another attorney to assist the attorney ad litem in the preparation of this application for writ of mandamus. The case has been reset for trial on the merits for July 28, 1983.

This court is empowered to grant writs of mandamus against a public official to compel performance of an act clearly required by law and which is ministerial in its nature and involves no exercise of discretion. *Shamrock Fuel & Oil Sales Co. v. Tunks,* 416 S.W.2d 779, 782 (Tex.1967); *State v. James,* 494 S.W.2d 956 (Tex.Civ. App.—Houston [1st Dist.] 1973, no writ). For the reasons set out hereinafter, service of the subpoenas is clearly required by law and thus the jurisdictional requirements have been demonstrated.

Although a juvenile delinquency trial is a civil proceeding, it is quasi-criminal in nature. The parties are assured a fair hearing and their constitutional and other legal rights are recognized and enforced. Tex.Fam.Code Ann. sec. 51.01 (Vernon 1975). The juvenile is guaranteed all the constitutional rights which he would have in a criminal proceeding, because it is a proceeding which seeks to deprive him of his liberty. He is even afforded additional rights to those enjoyed by an adult. *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App.1977).

Tex.Fam.Code Ann. Sec. 53.07(e) provides:

(e) witnesses may be subpoenaed in accordance with the Texas Code of Criminal Procedure.

 Chapter 24 of the Texas Code of Criminal Procedure deals with the issuance of subpoenas. No subpoena fee is authorized. In applying the provisions relating to service of subpoenas, the Court of Criminal Appeals has held that compulsory process for witnesses is a constitutional right, and its issuance is not a matter within the discretion of the trial court. *Bedford v. State,* 91 Tex.Cr.R. 285, 238 S.W. 224 (1922).

Tex. Const. art. I, Section 10 states:

In all criminal prosecutions the accused shall enjoy the right ... (to) have compulsory process for obtaining witnesses in his favor ...

The Sixth Amendment of the U.S. Constitution encompasses the same right. Clearly, requiring a juvenile to pay a subpoena fee to produce witnesses violates his constitutional rights.

Thus, we hold that the issuance and service of the requested subpoenas only involves acts of a ministerial nature, and that such do not entail the exercise of discretion. *Averitt v. Gutierrez,* 567 S.W.2d 505 (Tex. Cr.App.1978).

The county attorney, in response to the relator's petition, argues that a proper procedure for obtaining service would be for the attorney to advance the cost of the service fee and to seek reimbursement from the trial court for the payment of the fees. This, we conclude, would place an unreasonable burden on attorneys representing juveniles, whose fees as an ad litem are often relatively small, particularly since there is no similar obligation placed on attorneys who are appointed in the trials of adults.

We accordingly order that the writ be conditionally granted, and that it will issue only should the Honorable Walter Rankin, Constable of Precinct No. 1, refuse to serve the requested subpoenas for relator's juvenile delinquency adjudication hearing without prior payment of fees, in accordance with this opinion.