907 S.W.2d 107 (1995)
In the Matter of J.R.
No. 03-94-00727-CV.
Court of Appeals of Texas, Austin.
September 27, 1995.
*108 Berta Perez Linton, San Angelo, for appellant.
Stephen H. Smith, District Attorney, 119th Judicial District, Dana Bell Nolen, Assistant District Attorney, San Angelo, for appellee.
Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.
PER CURIAM.
J.R., a juvenile, appeals the trial court's order placing him on probation in the custody of his parents. The court's disposition order followed its order adjudicating J.R. delinquent. In the order of adjudication, the trial court found that J.R. violated section 22.01 of the Texas Penal Code, causing bodily injury to Hector Garcia by hitting and kicking him in the face and ribs with his fists and feet. Tex.Fam.Code Ann. § 51.03(a) (West Supp.1995); see Tex.Pen.Code Ann. § 22.01 (West 1994). J.R. attacks the disposition order by two points of error. We will affirm the trial court's order.
Among the conditions of probation, the trial court ordered J.R. to pay $4,000.00 to the medical providers of the victim. J.R. asserts in his first point of error that the trial court erroneously admitted in evidence statements of the victim's medical expenses without hearing any testimony on the reasonableness of the charges for his treatment.
The trial court admitted in evidence statements of account from Angelo Community Hospital, West Texas Medical Associates, and Oral Surgery Associates of San Angelo showing amounts due for treating the injuries to Hector Garcia's jaw from the assault. The charges on these statements totalled $6,442.80. Witnesses testified that $1,240.03 of that total had been reimbursed from the crime victims' compensation fund. See Crime Victims' Compensation Act, Tex.Code Crim.Proc.Ann. arts. 56.31-.61 (West Supp. 1995).
J.R. argues that the trial court could not order restitution without proof that the amount ordered was reasonable.[1] In making this argument, J.R. likens restitution to the damages awarded a plaintiff in a civil case. If a juvenile court finds that a child has engaged in delinquent conduct in which property damage or personal injury occurred, the court can order the child or a parent "to make full or partial restitution to the victim of the offense." Tex.Fam.Code Ann. § 54.041(b) (West 1986). The court must limit the amount of restitution ordered to the actual damages the victim has incurred. Id.
*109 In authorizing the court to order restitution, however, the legislature did not define that term. Restitution is generally defined as an equitable remedy under which a person is restored to his or her original position before the loss or injury; act of restoring; restoration of anything to its rightful owner; the act of making good or giving equivalent for any loss, damage, or injury; and indemnification. Black's Law Dictionary 1313 (6th ed. 1990).
The concept of restitution is found in both the civil and criminal law. A civil litigant, for instance, can obtain restitution by an action in quantum meruit; such a litigant can also sue for restitution as a remedy, alternative to damages, for breach of an express contract. Explorers Motor Home Corp. v. Aldridge, 541 S.W.2d 851, 852-53 (Tex.Civ.App.Beaumont 1976, writ ref'd n.r.e.); Coon v. Schoeneman, 476 S.W.2d 439, 441 (Tex.Civ. App.Dallas 1972, writ ref'd n.r.e.). In the adult criminal justice system, the court that sentences a defendant convicted of an offense can order the defendant to make restitution to any victim of the offense. Tex.Code Crim. Proc.Ann. art. 42.037 (West Supp.1995). A sentencing court can also order restitution as a condition of probation. Tex.Code Crim. Proc.Ann. art. 42.12(11)(b) (West Supp.1995). See also Tex.Code Crim.Proc.Ann. arts. 42.01(1)(25), 42.031(1)(b)(3) (West Supp.1995).
Although juvenile delinquency proceedings are considered civil proceedings, they are quasi-criminal in nature. C.E.J. v. State, 788 S.W.2d 849, 852 (Tex.App.Dallas 1990, writ denied); Smith v. Rankin, 661 S.W.2d 152, 153 (Tex.App.Houston [1st Dist.] 1983, orig. proceeding). One court has characterized juvenile proceedings as essentially criminal trials, involving criminal issues on appeal. M.B. v. State, 894 S.W.2d 82, 85 (Tex.App.El Paso 1995, no writ). Aspects of juvenile proceedings governed by the rules of criminal proceedings include the State's burden of proof, the right to trial by jury, the privilege against self-incrimination, the right to trial and confrontation of witnesses, and confessions. In re M.A.G., 541 S.W.2d 899, 901 (Tex.Civ.App.Corpus Christi 1976, writ ref'd n.r.e.). The juvenile is guaranteed the constitutional rights an adult would have in a criminal proceeding because the juvenile delinquency proceedings seek to deprive the juvenile of his liberty. C.E.J., 788 S.W.2d at 852; Smith, 661 S.W.2d at 153.
Once a trial court determines that a juvenile has engaged in delinquent conduct, the Family Code authorizes the court to order the juvenile to pay restitution as part of the disposition. Engaging in delinquent conduct can include the violation of a penal law, a previous court order, or a law prohibiting driving while intoxicated. Tex.Fam.Code Ann. § 51.03(a), (b) (West Supp.1995). The recipient of the restitution is the victim of the delinquent conduct. Tex.Fam.Code Ann. § 54.041 (West 1986). The Family Code limits the amount of restitution ordered to the victim's actual damages. Tex.Fam.Code Ann. § 54.041(b) (West 1986).
Because of the context in which the juvenile court can order restitution, we determine that the rules of restitution in criminal cases should apply. In a criminal proceeding, the amount of restitution is required to be "just," that is, supported by sufficient factual evidence in the record that the expense was incurred. Thompson v. State, 557 S.W.2d 521, 525-26 (Tex.Crim.App.1977); Jones v. State, 713 S.W.2d 796, 797 (Tex. App.Tyler 1986, no pet.). The amount of expense incurred need not be supported by proof that it was reasonable. Davis v. State, 757 S.W.2d 386, 389 (Tex.App.Dallas 1988, no pet.).
Similarly, we construe the term "actual damages" consistently with the approach to restitution in criminal cases. The trial court therefore correctly admitted the statements of expense actually incurred for Garcia's medical care without proof that the amounts charged were reasonable. Based on this conclusion, we need not address J.R.'s claim that the trial court should have required an affidavit on reasonableness to be filed thirty days before the testimony as to expenses. See Tex.Civ.Prac. & Rem.Code Ann. § 18.001 (West 1986 & Supp.1995). We overrule point one.
In his second point of error, J.R. claims that the trial court erred in refusing to make findings of fact and conclusions of law that were separate from the findings the court *110 recited in the disposition order. J.R. timely requested findings of fact and timely notified the court that findings were past due under Texas Rules of Civil Procedure 296 and 297. By signed, written order, the trial court refused to make separate findings.
The Family Code requires the court to "state specifically in the order its reasons for the disposition." Tex.Fam.Code Ann. § 54.04(f) (West 1986). The trial court stated in its disposition order that the best interests of both J.R. and society would be served by granting probation based on the court summary and testimony of the county juvenile probation officer. J.R. does not complain that the finding stated in the order is insufficiently specific.
Specifying in the order the reason for the disposition assures that the child will be advised of the reasons for the disposition and will be in a position to challenge those reasons on appeal. In re T.R.W., 533 S.W.2d 139, 141 (Tex.Civ.App.Dallas 1976, no writ). The appellate court may then review the reasons recited and determine whether they are supported by the evidence and whether they are sufficient to justify the disposition ordered. In re L.G., 728 S.W.2d 939, 944-45 (Tex.App.Austin 1987, writ ref'd n.r.e.); T.R.W., 533 S.W.2d at 141. This rationale parallels the function served by findings of fact under Texas Rule of Civil Procedure 296.
The requirement of section 54.04(f) that reasons be stated in the disposition order stands in contrast to the requirement in section 54.02(h), governing the juvenile court's waiver of jurisdiction and transfer of the child to district court. Tex.Fam.Code Ann. § 54.02(h) (West Supp.1995). In the latter instance, the court must state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court. Id. Because "reasons" are distinguishable from "findings," section 54.02(h) has been interpreted as imposing a mandatory duty on the juvenile court to file findings separately from the order containing the court's reasons. In re J.R.C., 522 S.W.2d 579, 583-84 (Tex.Civ. App.Texarkana 1975, writ ref'd n.r.e.). Section 54.05(f) does not require the court to state both reasons and findings.
Because the Family Code has provided its own means for notifying the juvenile of the factors underlying the court's disposition, we perceive no reason to require the court to file separate findings. Cf. GTE Communications Sys. Corp. v. Curry, 819 S.W.2d 652, 654 (Tex.App.San Antonio 1991, orig. proceeding) (requirement that court state in order its findings of good cause to impose sanction under Rule of Civil Procedure 13 is in lieu of traditional findings and conclusions). In addition, the juvenile court possesses broad discretion to determine a suitable disposition of a child adjudicated delinquent. In re R.W., 694 S.W.2d 578, 580 (Tex.App.Corpus Christi 1985, no writ). Under a discretionary statute, findings of fact and conclusions of law are neither appropriate nor required. J.R.W. v. State, 879 S.W.2d 254, 257 (Tex.App.Dallas 1994, no writ).
Assuming, however, that the trial court was required to make separate findings, J.R. could not have been harmed. Tex. R.App.P. 81(b)(1). Harm occurs under Rule 81 if the error probably prevented an appellant from properly presenting his case to the appellate court. An appellant is harmed by the court's refusal to file findings if he would have to guess the reason the court ruled against him. In re O.L., 834 S.W.2d 415, 418 (Tex.App.Corpus Christi 1992, no writ). In this case, the basis for the court's disposition of probation and the amount of restitution ordered are clear from the record. We therefore overrule point two.
We affirm the order of the trial court.
NOTES
[1] J.R. objected to the lack of testimony on reasonableness only as to the statements from West Texas Medical Associates and Oral Surgery Associates of San Angelo.