

OFFICE *of the* ATTORNEY GENERAL

GREG ABBOTT

January 29, 2003

The Honorable José Rodríguez
El Paso County Attorney
500 East San Antonio, Room 203
El Paso, Texas 79901

Opinion No. GA-0017

Re: Whether, in a proceeding under the Juvenile Justice Code, title 3 of the Family Code, the state may recover from a child or other nonprevailing party the cost of serving summonses under section 53.06 of the Family Code (RQ-0583-JC)

Dear Mr. Rodríguez:

Rule 131 of the Texas Rules of Civil Procedure, which applies generally to a proceeding under the Juvenile Justice Code, title 3 of the Family Code, entitles a prevailing party to recover costs from his or her adversary. TEX. R. CIV. P. 131. Similarly, section 31.007 of the Civil Practice and Remedies Code, which also applies generally to a proceeding under the Juvenile Justice Code, *see* Tex. Att'y Gen. Op. No. DM-411 (1996) at 2, authorizes a judge to order a nonprevailing party to pay costs, including "service fees due the county." TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(b)(1) (Vernon 1997). You ask "whether the state may recover the cost of serving a summons in a Juvenile Justice Code proceeding from a non-prevailing child or other non-prevailing party under Texas Rule of Civil Procedure 131."[1]

We presume that you do not ask about costs associated with serving a subpoena on a witness in a Juvenile Justice Code proceeding. *See Smith v. Rankin*, 661 S.W.2d 152, 154 (Tex. App.–Houston [1st Dist.] 1983, no writ) (requiring juvenile to pay subpoena fee to produce witnesses violates juvenile's constitutional rights). Further, by the term "non-prevailing child," we assume that you refer to a child who is adjudged to have committed delinquent conduct or conduct indicating a need for supervision. By the term "other non-prevailing party," we assume that you refer to any other person who is issued a summons under section 53.06(a) of the Family Code. *See* TEX. FAM. CODE ANN. § 53.06(a) (Vernon 2002).

The Juvenile Justice Code applies to a proceeding adjudicating conduct alleged to be "delinquent . . . or . . . indicating a need for supervision engaged in by a person who was a

---

[1]Letter from Honorable José R. Rodríguez, El Paso County Attorney, to Honorable John Cornyn, Texas Attorney General (July 30, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

child . . . at the time the person engaged in the conduct." *Id.* § 51.04(a); *see id.* § 51.03 (defining "delinquent conduct" and "conduct indicating a need for supervision"). Generally, a county juvenile court has "exclusive jurisdiction" over proceedings under the Juvenile Justice Code. *Id.* § 51.04(a). *But see id.* § 51.04(h) (providing juvenile court with concurrent, not exclusive, jurisdiction over certain conduct).

Prior to an adjudication hearing, a juvenile court must summon certain persons:

> The juvenile court shall direct issuance of a summons to:
>
> (1) the child named in the petition;
>
> (2) the child's parent, guardian, or custodian;
>
> (3) the child's guardian ad litem; and
>
> (4) any other person who appears to the court to be a proper or necessary party to the proceeding.

*Id.* § 53.06(a). A summons must inform the named person of the petition and must order the person to appear before the juvenile court at a particular time for the hearing. *See id.* § 53.06(b); *In re Franks v. State*, 498 S.W.2d 516, 518 (Tex. Civ. App.–Texarkana 1973, no writ) (stating that written summons must include hearing time and place, must order certain persons to appear before court, and must include copy of petition or petition's allegations). And a named person who is in the state and can be found must be personally served at least two days before the adjudication hearing. *See* TEX. FAM. CODE ANN. § 53.07(a) (Vernon 2002). In other circumstances, the person may be served by mail. *See id.* Costs of serving the summons may be paid from the county's general funds. *See id.* § 53.07(d).

Although county funds may be used to pay service costs, *see id.*, you ask in essence whether, assuming the state prevails in the juvenile action, the juvenile-court judge may order a nonprevailing child or other nonprevailing party to reimburse the county for the costs. *See* Request Letter, *supra* note 1, at 1. Because both the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code contemplate that a nonprevailing party whose interests are adverse to the state's may be ordered to reimburse service costs, we conclude that the judge may issue such an order when the state prevails.

Rule 131 of the Texas Rules of Civil Procedure allocates costs against a nonprevailing party at the conclusion of a civil proceeding: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131. The Texas Rules of Civil Procedure generally govern proceedings under the Juvenile Justice Code unless they conflict with a Juvenile Justice Code provision. *See* TEX. FAM. CODE ANN. § 51.17(a) (Vernon 2002); *In re S.A.M.*, 933 S.W.2d 744, 745 (Tex. App.–San Antonio 1996, no writ) (stating that rules of civil procedure govern juvenile proceeding). Rule 131's cost provisions do not conflict with the

Juvenile Justice Code's cost provisions: Section 53.07 of the Family Code, which permits a court to "authorize payment from" a county's general fund "of the costs of service," pertains only to the initial payment of service fees and does not refer to possible reimbursement to the county. *See* TEX. FAM. CODE ANN. § 53.07(d) (Vernon 2002).

Section 31.007 of the Civil Practice and Remedies Code similarly authorizes a court to require a nonprevailing party, including a child or other party adverse to the state in an action under the Juvenile Justice Code, to repay the county the amount it expended for service fees under section 53.07(d) of the Family Code. *See* TEX. CIV. PRAC. & REM. CODE § 31.007(b)(1) (Vernon 1997); TEX. FAM. CODE ANN. § 53.07(d) (Vernon 2002). Section 31.007 authorizes a judge to allocate costs "in any order or judgment," including "service fees due the county." TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(a) (Vernon 1997). Section 31.007 applies to a Juvenile Justice Code proceeding. *See* Tex. Att'y Gen. Op. No. DM-411 (1996) at 2 (determining that juvenile-detention hearing under Juvenile Justice Code is civil proceeding and subject to Civil Practice and Remedies Code).

We do not find support for the proposition that a court may require a person who is issued a summons under section 53.06(a) of the Family Code to reimburse the state's service costs unless the person is subject to an order issued under section 54.041 of the Family Code. Section 54.041 authorizes a court, in certain circumstances, to issue an order affecting parents or other parties to an action involving a child who has been found to have engaged in conduct that is delinquent or that indicates a need for supervision. *See* TEX. FAM. CODE ANN. § 54.041 (Vernon 2002). Rule 131 indicates that only an "adversary" must reimburse the successful party's costs. *See* TEX. R. CIV. P. 131; *cf. City of Amarillo v. Glick*, 991 S.W.2d 14, 17 (Tex. App.–Amarillo 1997, pet. denied) (stating that "prevailing party is one" whom court judgment vindicates). Section 31.007 of the Civil Practice and Remedies Code pertains to a "party to a suit." TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(a) (Vernon 1997). A "party" is "one by or against whom a suit is brought." *Brown v. Fullenweider*, 7 S.W.3d 333, 335 (Tex. App.–Beaumont 1999), *rev'd on other grounds*, 52 S.W.3d 169 (Tex. 2001) (per curiam). *See generally S. Sur. Co. v. Arter*, 44 S.W.2d 913, 914-15 (Tex. Comm'n App. 1932, judgm't adopted) (canvassing judicial definitions of term "party"). In the context of a proceeding under the Juvenile Justice Code, we believe only a person who is a nonprevailing child or who is subject to an order under section 54.041 can be said to be an "adversary" of the state or a "party" to the action.

## S U M M A R Y

A court may order any nonprevailing party to pay the costs incurred in issuing summons to various parties under section 53.06 of the Family Code. *See* TEX. FAM. CODE ANN. § 53.06(a) (Vernon 2002); TEX. CIV. PRAC. & REM. CODE § 31.007(a) (Vernon 1997); TEX. R. CIV. P. 131. A court may order a nonprevailing party, including a parent, guardian, custodian, guardian ad litem, or other necessary party to pay the service costs if the person is subject to an order under section 54.041 of the Family Code. *See* TEX. FAM. CODE ANN. § 54.041 (Vernon 2002).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Deputy Attorney General - General Counsel

RICK GILPIN
Deputy Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee