The STATE of Texas, Appellant,

v.

C.J.F., Appellee.

No. 01–04–00257–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 29, 2005.

Alan Curry, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, for appellant.

Scot R. Courtney, Scardino & Courtney, Houston, for appellee.

Panel consists of Justices TAFT, ALCALA, and HIGLEY.

## OPINION ON REHEARING

ELSA ALCALA, Judge.

The State of Texas has filed a motion for rehearing of our opinion issued on August 25, 2005. After due consideration, we deny the State's motion for rehearing, but withdraw our opinion and judgment of August 25, 2005, and issue the following opinion and judgment in their stead.

The State of Texas appeals from dismissal of charges filed against appellee, a juvenile, for engaging in delinquent conduct by committing the felony offense of manslaughter. The trial court dismissed appellee's charges with prejudice on the grounds that the State's petition violated appellee's rights against double jeopardy. The State contends that the trial court's dismissal was erroneous for four reasons.

First, the State asserts that appellee failed her burden to produce evidence that the facts of the offense were barred by double jeopardy. Second, the State asserts that its nonsuits of the third and fourth amended petitions in cause number 2002–07732J, the pleadings that preceded this cause, did not constitute a dismissal of the prosecution for purposes of appellee's right against double jeopardy because the nonsuits were timely taken before any evidence was heard in the case. Third, the State asserts that jeopardy could not have attached from the third and fourth amended petitions in cause number 2002–07732J because the third amended petition was superseded by the fourth amended petition and was therefore no longer a live pleading, and because the trial court had no jurisdiction over the fourth amended pleading due to lack of service of that petition on appellee. Fourth, as a matter of first impression in Texas, the State contends that, unlike other criminal proceedings, in which jeopardy attaches when the jury is sworn, jeopardy does not attach in a juvenile proceeding until the trier of fact begins to hear evidence or when the first witness is sworn. We affirm the trial court's dismissal.

## Background and Procedural History

On April 18, 2002, appellee, a 15–year–old juvenile, was involved in an automobile collision that resulted in the death of Kathryn Sanchez. On September 20, 2002, the State filed its original petition in cause number 2002–07732J, which asserted that appellee intentionally, knowingly, and recklessly caused Sanchez's death. The State filed its first amended petition on October 9, 2002, and filed a second amended petition on January 31, 2003.

On May 1, 2003, the grand jury returned the State's third amended petition, which, like the original petition, alleged that appellee intentionally, knowingly, and recklessly caused Sanchez's death, but, in addition, authorized a determinate sentence.[1] In response to the State's motion to abandon the words "intentionally" and "knowingly" from the third amended petition, the trial court struck those words from that petition. Believing that the grand jury might have authorized a determinate sentence based on the higher culpable mental states for conduct that was "intentionally" and "knowingly" performed, as compared to "recklessly" performed, the trial court quashed the determinate sentence portion of the petition. After the trial court deleted the higher culpable mental states and quashed the authorization for determinate sentencing, the third amended petition charged only reckless manslaughter against a juvenile, with no authorization for a determinate sentence. On October 16, 2003, the grand jury returned the State's fourth amended petition, which was identical to the third amended petition's remaining charge of reckless manslaughter, but, in addition, authorized a determinate sentence.

On January 5, 2004, appellee was admonished concerning the range of punishment for the reckless manslaughter charge in the fourth amended petition, which included authorization for a determinate sentence. During the trial court's voir dire of the jury, which followed, the trial court informed the jurors that appellee was charged with reckless manslaughter and that the punishment range included the possibility of 20 years in prison as a determinate sentence if appellee were transferred to adult prison when she turned 21 years of age. A jury was then empaneled and sworn. Immediately after the jury was released for the day, appellee's attorney informed the trial court, for the first time, that appellee had not been properly served with the fourth amended petition and that the trial court therefore lacked jurisdiction to rule on the allegations in the State's fourth amended petition, for which the jury had already been empaneled. Appellee's attorney also stated that, although the trial court lacked jurisdiction over appellee's fourth amended petition, appellee was ready to proceed on the allegations in the third amended petition, which authorized appellee to be sentenced as a juvenile for reckless manslaughter, but did not authorize determinate sentenc-

1. A determinate sentence permits the court to commit the juvenile to the Youth Commission, followed by a possible transfer to the Department of Criminal Justice. Tex. Fam.Code Ann. § 54.04(d)(3) (Vernon Supp.2005). For a juvenile to be subject to a determinate sentence the following three requirements must be met: (1) the grand jury must have approved the petition under Section 53.045, (2) the court must have found that the child is in need of rehabilitation or that the public is in need of protection, and (3) the child must have engaged in delinquent conduct that consisted of a violation of a penal law listed in Section 53.045(a), which includes manslaughter. Tex. Fam.Code Ann. § 53.045 (Vernon 2002); Tex. Fam.Code Ann. § 54.04(c), (d)(3).

ing. After the State's attorney requested a hearing to determine whether appellee had been properly served, the trial court conducted an evidentiary hearing on the issue.

Following the hearing and after the trial court questioned whether appellee had been served with the fourth amended petition, appellee and the State's attorney each represented to the trial court that the trial court lacked jurisdiction over the fourth amended petition because it had not been served on appellee. Appellee and the State's attorney disputed, however, whether the third amended petition remained a live pleading in the trial court.

The State argued that the third amended petition had been superseded by the fourth amended petition and that it was therefore no longer a live pleading. Appellee's attorney restated his readiness to proceed on the third amended petition, which did not include the possibility of a determinate sentence, argued that jeopardy had attached on the third amended petition because a jury had been selected and sworn, and objected to dismissal of the jury or declaration of a mistrial.

In the State's arguments to the trial court concerning its impending ruling on whether to dismiss the empaneled jury, the prosecutor criticized appellee's decision to wait to object about the lack of service until after the jury was empaneled and sworn and argued that appellee's "sandbag" technique was unfair. The prosecutor refused to proceed to trial before the jury that had been empaneled on the grounds that the trial court had no jurisdiction to proceed with the fourth amended petition due to the lack of service of that petition on appellee. The State further contended that the jury had never been empaneled to decide the third amended

petition because that petition was no longer a live pleading due to the existence of the fourth amended petition. The State requested a nonsuit of both the third and fourth amended petitions, which the trial court granted, and the empaneled jury was dismissed over appellee's objection.

On January 13, 2004, the State filed its original petition in new cause number 2004–00332J. Like the fourth amended petition, the new original petition charged appellee with reckless manslaughter and included authorization for a determinate sentence. Appellee filed a motion to dismiss the cause based on double-jeopardy violations, along with a supporting brief. The State responded in writing to the motion to dismiss by asserting (1) that the trial court had no jurisdiction to entertain the fourth amended petition due to lack of service of that petition and therefore jeopardy could not attach on a matter that the trial court had no jurisdiction to hear, and (2) that a dismissal of a petition does not constitute an adjudication of the merits of the dismissed action because the dismissal merely places the parties in the same positions they held before the court's jurisdiction was invoked. The trial court dismissed the cause with prejudice, holding that double jeopardy barred any future prosecutions arising out of the same transaction.

### Standard of Review

■ When "the trial judge is not in an appreciably better position than the reviewing court" to rule on a matter, we review the trial-court rulings. *Ex parte Peralta*, 87 S.W.3d 642, 645 (Tex.App.-San Antonio 2002, no pet.). Because the facts before us are undisputed and the trial court's ruling did not turn on the credibility or demeanor of the witnesses, we review

the trial court's double-jeopardy ruling de novo. *See id.*

## Double Jeopardy

The State's second and fourth arguments assert that charging appellee is not barred by double jeopardy because the State's nonsuits were timely as a matter of civil law, having been taken before any evidence was heard in the case. The State also asserts that, unlike other criminal proceedings, in which jeopardy attaches when the jury is sworn, jeopardy does not attach in juvenile proceedings until the trier of fact begins to hear evidence or when the first witness is sworn. We address these contentions together.

■■■ Juvenile proceedings and appeals from those proceedings are governed by an unlikely and sometimes perplexing hybrid of civil and criminal law. *In re R.S.C.*, 940 S.W.2d 750, 751–52 (Tex.App.-El Paso 1997, no writ). An appeal from an order of a juvenile court is governed by the requirements pertaining to civil cases generally. TEX. FAM.CODE ANN. § 56.01(a)(b) (Vernon 2002). A juvenile-delinquency proceeding is considered a civil proceeding, but is quasi-criminal in nature. *In re J.R.*, 907 S.W.2d 107, 109 (Tex.App.-Austin 1995, no writ); *C.E.J. v. State*, 788 S.W.2d 849, 852 (Tex.App.-Dallas 1990, writ denied); *Smith v. Rankin*, 661 S.W.2d 152, 153 (Tex.App.-Houston [1st Dist.] 1983, orig. proceeding). The juvenile is guaranteed the same constitutional rights as an adult in a criminal proceeding because a juvenile-delinquency proceeding seeks to deprive the juvenile of his liberty. *In re Winship*, 397 U.S. 358, 359, 90 S.Ct. 1068, 1070, 25 L.Ed.2d 368 (1970) ("[T]he Due Process Clause does require application during the adjudicatory hearing of 'the essentials of due process and fair treatment.' "); *J.R.*, 907 S.W.2d at 109; *C.E.J.*, 788 S.W.2d at 852; *Smith*, 661 S.W.2d at 153 (*citing In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)). Neither the Fourteenth Amendment nor the Bill of Rights is for adults alone. *In re Gault*, 387 U.S. at 13, 87 S.Ct. at 1436.

■■■ The doctrine of double jeopardy, which is derived from the Fifth Amendment to the Constitution of the United States and applied to the states through the Fourteenth Amendment, prohibits a state from placing a defendant in jeopardy twice for the same offense. *See generally Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Breed v. Jones*, 421 U.S. 519, 541, 95 S.Ct. 1779, 1791, 44 L.Ed.2d 346 (1975) (*applying* due process right against double jeopardy to juveniles); *Downum v. United States*, 372 U.S. 734, 737–38, 83 S.Ct. 1033, 1035–36, 10 L.Ed.2d 100 (1963); *Ex parte Little*, 887 S.W.2d 62, 64 (Tex.Crim.App.1994) (*citing Arizona v. Washington*, 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978)). In a jury trial of an adult charged with a crime, jeopardy attaches when the jury is empaneled and sworn. *Crist*, 437 U.S. at 38, 98 S.Ct. at 2162. The rule that jeopardy attaches when the jury is empaneled and sworn is an integral part of the constitutional guarantee against double jeopardy. *Id.* A defendant's "valued right to have his trial completed by a particular tribunal" is now within the protection of the constitutional guarantee against double jeopardy, because that right lies at the foundation of the federal rule that jeopardy attaches when the jury is empaneled and sworn. *See Crist*, 437 U.S. at 36, 98 S.Ct. at 2161. The time when jeopardy attaches in a jury trial "serves as the lynchpin for all double-jeopardy jurisprudence." *Crist*, 437 U.S. at 38, 98 S.Ct. at 2162. After jeopardy

attaches, any charge that is dismissed, waived, abandoned or on which the jury returns an acquittal, may not be retried. *Ex parte Scelles,* 511 S.W.2d 300, 301 (Tex. Crim.App.1974).

Double-jeopardy constitutional protections that adults accused of crimes enjoy apply also to juveniles. *Schall v. Martin,* 467 U.S. 253, 263, 104 S.Ct. 2403, 2409, 81 L.Ed.2d 207 (1984) (citing *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975)); *In re J.R.R.,* 696 S.W.2d 382, 384 (Tex.1985). The proceeding puts the juvenile in jeopardy when it seeks to determine whether a juvenile has committed acts that violate a criminal law and the potential consequences of the proceeding include both the stigma inherent in such a determination and the deprivation of liberty for many years. *Breed,* 421 U.S. at 529, 95 S.Ct. at 1785. We are not aware that any court has held that jeopardy attaches in a juvenile case at the same time as in an adult criminal proceeding, *i.e.,* when the jury is sworn. Yet, the constitutional protections afforded to adult criminal defendants must also be afforded to juvenile defendants whose liberty is at stake. *See id.* Court's must "eschew 'the "civil" label-of-convenience which has been attached to juvenile proceedings' " when a constitutional right is at stake. *Id. (citing In re Gault,* 387 U.S. at 50, 87 S.Ct. at 1455).

We hold that the constitutional guarantee that jeopardy attaches when the jury is empaneled and sworn, as recognized by *Crist* concerning adult criminal defendants, applies equally to a juvenile proceeding whose object is to determine whether the juvenile has committed acts that violate a criminal law and whose potential consequences include the deprivation of liberty for many years. More simply stated, jeopardy attaches in a juvenile proceeding, as in an adult criminal proceeding, when the jury has been empaneled and sworn. *See Schall,* 467 U.S. at 263, 104 S.Ct. at 2409; *Breed,* 421 U.S. at 529, 95 S.Ct. at 1785; *Crist,* 437 U.S. at 38, 98 S.Ct. at 2162. Accordingly, jeopardy attached to appellee's juvenile proceedings here when the jury was empaneled and sworn.

The State insists, however, that the Rules of Civil Procedure control here—not the criminal law principles of double jeopardy—and that its nonsuits were timely filed in accordance with the civil rules. Although the State relies on *In re S.B.C.* as demonstrating that the civil rules control over jeopardy principles in a juvenile proceeding, that case did not address the effect of a dismissal after the jury had been sworn, as here, and is distinguishable from the case before us for that reason. *See In re S.B.C.,* 805 S.W.2d 1, 9 (Tex.App.-Tyler 1991, writ denied) (*holding* that double jeopardy did not bar refiling of original cause dismissed after detention hearing under circumstances demonstrating no adjudication of merits of original cause). We therefore conclude that, even if the State filed its nonsuits timely according to the Rules of Civil Procedure, jeopardy attached to appellee's juvenile proceedings when the jury was empaneled, and we thus hold that the Rules of Civil Procedure must yield to the constitutional protections against double jeopardy. *See Schall,* 467 U.S. at 263, 104 S.Ct. at 2409; *Breed,* 421 U.S. at 531, 95 S.Ct. at 1787; *Crist,* 437 U.S. at 38, 98 S.Ct. at 2162.

We are not persuaded by the State's second and fourth contentions regarding the trial court's ruling, and overrule those contentions.

### Appellee's Burden to Present the Trial Court with a Sufficient Record

 In its first challenge to the trial court's ruling, the State contends that appellee failed her burden to present the trial court with a sufficient record to prove that the prosecution of cause number 2004–00332J would violate her double-jeopardy rights. The State further contends that appellee did not satisfy her burden to prove a double-jeopardy violation because the parties litigated appellee's double-jeopardy claim by written motions alone.

The Court of Criminal Appeals addressed these issues recently in *Hill v. State*, in which the defendant filed a motion contending that his trial was barred by double jeopardy. 90 S.W.3d 308, 311, 313 (Tex.Crim.App.2002) (*analyzing State v. Torres*, 805 S.W.2d 418, 421 (Tex.Crim. App.1991), and *stating* that the "initial burden of proving the double jeopardy is on the defendant."). In *Hill*, the trial court ruled on the motion after discussing the events of the previous trial with the prosecutor and defense counsel. *Id.* at 311–12. On appeal, the State argued that the defendant's double-jeopardy claim failed because the defendant did not introduce any supporting evidence. *Id.* at 312. The Court of Criminal Appeals disagreed and held that, although the defendant did not introduce evidence on the motion, "the State did not object to the format of the hearing or the manner in which the Court made its findings. In fact, the State readily participated in the proceedings." *Id.* Moreover, the court concluded that when "a plea of jeopardy is before the same court and judge," the "requirements concerning the plea are relaxed." *Id.*

The court reiterated the rationale supporting this conclusion, first explained in *Shaffer v. State*, by stating, "[t]he require-ment that the defendant present evidence in support of his allegation of former jeopardy serves a legitimate state interest" because "[t]he trial court has no way of knowing that the allegations in the plea are true." *Hill*, 90 S.W.3d at 312 (*quoting Shaffer v. State*, 477 S.W.2d 873, 875 (Tex. Crim.App.1971)). But, "the procedural requirements which must be followed are not arid rituals of meaningless form." *Id.* Instead, "former jeopardy need not be specially pled in those instances where the trial court either knows or should know of the former proceeding, such as in those cases where the former jeopardy arose in the same case." *Id.* The rule does not apply, therefore, when it is unnecessary or would serve no purpose. *Id.* (*citing Shaffer*, 477 S.W.2d at 875–76).

Here, as in *Hill* and *Torres*, requiring a defendant to present evidence in support of his double-jeopardy claim would exalt form over substance. *See id.; Torres*, 805 S.W.2d at 422. The motion to dismiss based on double jeopardy was before the same trial court and judge and was made shortly after the State filed the new original petition in cause No. 2004–00332J. Requiring appellee to present evidence to the trial court in this instance would "serve no purpose" because the trial court knew of the former proceeding, and, moreover, the trial court, as well as both parties, had discussed double jeopardy when the State nonsuited the third and fourth amended petitions. *See Hill*, 90 S.W.3d at 312. We note further that, as in *Hill* and *Torres*, the State neither objected to the format of the hearing nor requested a hearing on the motion to dismiss. *See Hill*, 90 S.W.3d at 312; *Torres*, 805 S.W.2d at 421. Instead, the State readily participated in the proceedings by filing a written response to appellee's motion to dismiss.

Having neither objected to the format of the hearing nor the manner in which the

trial court made its findings, and having actually participated in those former proceedings before the same trial-court judge, who was well aware of the underlying pertinent facts, the State may not claim now that appellee did not meet her burden of producing sufficient evidence. *See Torres,* 805 S.W.2d at 421. Likewise, the State may not object now to the nature of the proceedings. *See id.* at 421–22.

We are not persuaded by the State's first contention that the trial court erred and therefore overrule that contention.

### Jurisdiction and Lack of Service for the Fourth Amended Petition

█ In its third challenge to the trial court's ruling, the State contends that jeopardy could not have attached because the trial court lacked jurisdiction over the fourth amended petition due to lack of service.

The record shows that the trial court concluded that appellee might not have been served with the fourth amended petition, which was identical to the third amended petition that had been served on appellant, except that the fourth amended petition allowed for the possibility of a determinate sentence, which the third amended petition did not.

The State contends that, regardless of whether a juvenile has been properly served with the original petition, we should hold that service of a later amended petition is required for the trial court to have jurisdiction over a juvenile. The State contends that the Rules of Civil Procedure require service on a defendant when subsequent pleadings would impose a more onerous judgment on the defendant. Because the fourth amended petition imposed a more onerous judgment on appellee than

the third amended petition, which did not include the possibility of a determinate sentence, the State contends that service of the fourth amended petition on appellee was required for the trial court to have jurisdiction to adjudicate the allegations in that petition. The State explains that the trial court's voir dire and jury selection concerned the fourth amended petition only and contends that the trial court had no jurisdiction over that petition due to lack of service. The State further asserts that the third amended petition was no longer a live pleading because it had been superseded by the fourth amended petition. The State thus contends that no jeopardy attached in this case.

█ We agree with the State that jeopardy cannot attach on a matter that the trial court had no jurisdiction to hear. *See Hoang v. State,* 872 S.W.2d 694, 699 (Tex.Crim.App.1993) (*holding* that jeopardy does not attach when court lacks jurisdiction over matter); *In re D.M.,* 611 S.W.2d 880, 883–84 (Tex.Civ.App.-Amarillo 1980, no writ) (same); *Allen v. State,* 657 S.W.2d 815, 816–17 (Tex.App.-Houston [1st Dist.] 1982, writ dism'd) (*holding* that lack of service of petition resulted in lack of jurisdiction in trial court and thus no jeopardy attached). We also agree with the State that dismissal of a petition before a jury is sworn does not constitute an adjudication of the merits of the dismissed action because the dismissal merely places the parties where they were before the court's jurisdiction was invoked. *See In re S.B.C.,* 805 S.W.2d 1, 9 (Tex.App.-Tyler 1991, writ denied) (*holding* that dismissal of cause that occurred after preliminary hearings concerning whether to place defendant in home arrest or detention pending trial placed parties in position they were in before court's jurisdiction was in-

voked; nothing in opinion suggests that dismissal occurred after jury was empaneled and sworn).

We further agree with the State that a trial court lacks jurisdiction over a juvenile when the record lacks an affirmative showing that a petition was served. *See In re M.D.R.*, 113 S.W.3d 552, 553 (Tex.App.-Texarkana 2003, no pet.) (*citing In re D.W.M.*, 562 S.W.2d 851, 852–53 (Tex.1978)); *In re A.B.*, 938 S.W.2d 537, 538–39 (Tex.App.-Texarkana 1997, writ denied); Tex. Fam.Code Ann. §§ 53.04, 53.06, 53.07 (Vernon 2002). Stated conversely, the trial court's jurisdiction over a juvenile vests when the juvenile is served with the summons and the original petition, which provides notice to the juvenile of the State's charges. Tex. Fam.Code Ann. §§ 53.04, 53.06, 53.07; *Johnson v. State*, 551 S.W.2d 379, 382 (Tex.Crim.App.1977).

We cannot agree, however, with the State's contention that service of all subsequent petitions on a juvenile is required for the court to retain jurisdiction when the State restates the same charges against the juvenile in an amended petition, albeit with different punishment ranges. We have already determined that, when a juvenile has been served with the original petition, the trial court does not lose jurisdiction for lack of service if the charges are refiled in a later amended petition. *See In re S.D.W.*, 811 S.W.2d 739, 746 (Tex.App.-Houston [1st Dist.] 1991, no writ) (*citing McBride v. State*, 655 S.W.2d 280, 283 (Tex.App.-Houston [14th Dist.] 1983, no writ)) ("[W]hen jurisdiction attached [by virtue of a properly served citation in the original petition], the court did not lose jurisdiction because the State may have failed to follow the statutory guidelines in serving appellant with an amended petition."); *In re G.A.T.*, 16 S.W.3d 818, 823 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (*holding* that juvenile court acquires jurisdiction over respondent when served with original petition and that court does not lose jurisdiction for lack of service of amended petition).

Despite controlling precedent on this issue, the State contends that we should revisit these holdings because they conflict with the provisions of the Rules of Civil Procedure that require service on the defendant when subsequent pleadings impose a more onerous judgment. The State relies on the following authority: *Atwood v. B & R Supply & Equip. Co.*, 52 S.W.3d 265, 267–68 (Tex.App.-Corpus Christi 2001, no pet.) (*reversing* default judgment because second petition alleging suit on sworn account imposed more onerous judgment than original petition for "simple suit alleging breach of contract"; *explaining* that pleadings in suit on sworn account are taken as prima facie evidence of claim, including unliquidated damages, but in breach of contract, unliquidated contract damages cannot be assessed without evidentiary hearing); *Caprock Const. Co. v. Guaranteed Floorcovering, Inc.*, 950 S.W.2d 203, 204–05 (Tex.App.-Dallas 1997, no writ) (*reversing* default judgment because addition of new plaintiff in later petition exposed defendant to additional liability); *Onwukwe v. Ike*, 137 S.W.3d 159, 165–66 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (*affirming* default judgment, but *acknowledging* that subsequent pleadings imposing more onerous judgment on defendant must be served on defendant) (*citing Rose v. Rose*, 117 S.W.3d 84, 91 (Tex. App.-Waco 2003, no pet) (*stating*, "A plaintiff must serve a non-answering defendant with amended pleadings only when the amended pleading sets up a new cause of

action or seeks a more onerous judgment against the defendant.")).

All of these cases, however, assess pleadings from which default judgments were entered when the defendant did not appear in court to answer the lawsuit. These cases do not stand for the proposition that a trial court's jurisdiction over a lawsuit terminates because the subsequent pleadings imposed a more onerous judgment on the defendant. Instead, the dispositive issue in these cases is lack of proper notice of the pleadings against the defendant, which precluded any admission of liability due to lack of an answer.

This is not a default-judgment case. Appellee was properly served with the charge of reckless manslaughter and appeared in court to answer the reckless manslaughter charge. Although the determinate sentence authorization by the grand jury changed the punishment range for the offense, the reckless manslaughter charge was asserted in each of the petitions filed against appellee. We cannot conclude, therefore, that when an amended petition charges the same crime against the defendant for which the defendant has been served, the Rules of Civil Procedure require service of a petition that adds only authorization by the grand jury to seek a determinate sentence. *See In re S.D.W.,* 811 S.W.2d at 746. For the same reasons, we cannot conclude that the trial court lost jurisdiction over appellee merely because she was not served with the later petition.

We conclude that the trial court acquired jurisdiction over appellee, who was properly served with the original petition, regardless of whether appellee was served with the subsequent amended petition. *See id.*

For the first time on appeal, the State further contends both that juvenile defendants should be served in the same manner as adult defendants, who must receive service of subsequent indictments, and that the trial court, State's attorney, and appellee's attorney were all "of the opinion" that the trial court lost jurisdiction over appellee's fourth amended petition due to lack of service. Although subject matter jurisdiction may be raised for the first time on appeal, whether the trial court had personal jurisdiction may not. *See Univ. of Tex. S.W. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 353 (Tex. 2004) (*citing Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445-46 (Tex. 1993)); *see also In re A.D.D.,* 974 S.W.2d 299, 303 (Tex.App.-San Antonio 1998, no pet.) (*citing Fed. Underwriters Exch. v. Pugh,* 141 Tex. 539, 541, 174 S.W.2d 598, 600 (1943)) (*stating* that personal jurisdiction "concerns the court's power to bind a particular person or party" and "can be conferred by consent or waiver."). Whether the trial court had jurisdiction over a juvenile due to improper service is a question of personal jurisdiction, which, accordingly, can be waived. *See In re M.D.R.,* 113 S.W.3d 552, 553 (Tex.App.-Texarkana 2003, no pet.) (*citing D.W.M.,* 562 S.W.2d at 852-53); *see also* TEX. FAM.CODE ANN. §§ 53.06(e), 53.07.

Although not usually in the position of appellant, the State must follow the Rules of Appellate Procedure when acting as appellant. *State v. Mercado,* 972 S.W.2d 75, 78 (Tex.Crim.App.1998). Accordingly, arguments that the State wishes to assert on appeal must have first been made at trial to avoid waiver. *Id.; see* TEX.R.APP. P. 33.1. As the Court of Criminal Appeals recently reaffirmed, rule 33.1's "raise it or waive it" forfeiture rule applies equally to the State and the defendant. *Martinez v. State,* 91 S.W.3d 331, 336 (Tex.

Crim.App.2002). Because the State did not raise these issues in the trial court, the State has not preserved them for our review and has waived any error. *See* TEX. R.APP. P. 33.1; *Martinez,* 91 S.W.3d at 336–37.

■ The State further contends that appellee's rights to due process required that she be served with the fourth amended petition because it alleged the possibility of a determinate sentence not included in the third amended petition. Furthermore, and in the alternative, the State contends that even if the trial court had jurisdiction to proceed on the fourth amended petition, there was a "manifest necessity" for the trial court to grant the dismissal. These two arguments do not pertain to the trial court's subject-matter jurisdiction over appellant's case, which could be raised for the first time on appeal, but rather concern violation of appellee's due process rights due to lack of service of the indictment and whether there was a "manifest necessity" for the trial court to dismiss the case. Again, because the State did not raise these issues in the trial court, the State has not preserved them for our review and has waived any error. *See* TEX.R.APP. P. 33.1; *Martinez,* 91 S.W.3d at 336–37.

We therefore reject the State's third assertion of trial-court error.

### Conclusion

The trial court properly dismissed cause No. 2004–00332J. We affirm the judgment of the trial court.