IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00008-CV

 

In the
Matter of M.P., a Child,

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 337-J-04

 



DISSENTING  Opinion



 

I agree with Justice Reyna’s preservation
determination and his application of the due process right of confrontation,[1]
but I respectfully disagree with the blanket conclusion that a juvenile has no
Sixth Amendment right of confrontation during the disposition phase.

In Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court resuscitated the Sixth
Amendment’s Confrontation Clause.  As Justice Reyna recognizes, Texas courts have applied it in the punishment phase.  Ante at 11-12; e.g.,
Russeau v. State, 171 S.W.3d 871, 880-81 (Tex. Crim. App. 2005), cert.
denied, 126 S.Ct. 2982 (2006) (applying Crawford to introduction of
prison incident and disciplinary reports and concluding that their introduction
violated Confrontation Clause).  And at least one other state’s highest court
has expressly applied Crawford to the punishment phase.  See Rodgers
v. State, --- So.2d ---, ---, 2006 WL 3025668 (Fla. Oct. 26, 2006).

            I would extend those holdings to a
juvenile adjudication’s disposition phase.[2]  The
juvenile system has “become more punitive than rehabilitative.”  Hidalgo v. State, 983 S.W.2d 746, 751 (Tex. Crim. App. 1999).  Juveniles now
face consequences similar to adults; for example, they can be subject to a
forty-year term of imprisonment.  Id. (citing Tex. Fam. Code Ann. § 54.04(d)(3)(A)).  As a result, I
believe that the balancing test employed to determine the constitutional
protection afforded to a juvenile in a disposition hearing should tilt toward providing
constitutional protections such as the Sixth Amendment confrontation right articulated
in Crawford:

The juvenile is guaranteed the same constitutional
rights as an adult in a criminal proceeding because a juvenile-delinquency
proceeding seeks to deprive the juvenile of his liberty.  In re Winship,
397 U.S. 358, 359, 90 S.Ct. 1068, 1070, 25 L.Ed.2d 368 (1970).  Neither the
Fourteenth Amendment nor the Bill of Rights is for adults alone.  In re
Gault, 387 U.S. at 13, 87 S.Ct. at 1436.

 

State v. C.J.F., 183 S.W.3d 841, 847 (Tex. App.—Houston [1st Dist.] 2005, pet.
denied) (citations omitted); see In re J.S.S., 20 S.W.3d 837, 841-44
(Tex. App.—El Paso 2000, pet. denied) (applying Fifth Amendment privilege
against self-incrimination to juvenile disposition phase); see also In re
S.M., 207 S.W.3d 421, 425-26 (Tex. App.—Fort Worth 2006, no pet. h.)
(Livingston, J., concurring) (noting conflict between Family Code section
54.11(d) and Crawford’s Confrontation Clause protections and “the potential magnitude of the result of a transfer hearing with
the lack of protection for a juvenile’s right to cross-examine the witnesses
who testify against him via untested written reports”).

            Because I believe that a juvenile
should be afforded the Sixth Amendment confrontation right in the disposition
phase and that the disciplinary referrals containing teachers’ narratives are
testimonial statements (and thus indistinguishable from the incident and
disciplinary reports in Russeau), I would find a Confrontation Clause
violation by the trial court’s admission of the disciplinary referrals and then
proceed to a Confrontation-Clause error harm analysis.[3] 
See McClenton v. State, 167 S.W.3d 86, 94-95 (Tex. App.—Waco 2005, no pet.);
see also Davis v. State, 203 S.W.3d 845, 849-53 (Tex. Crim. App. 2006).

            I respectfully dissent.

 

            

BILL VANCE

Justice

 

Dissenting opinion delivered
and filed February 7, 2007

 









[1]               Justice Reyna is the designated
author under our Internal Administrative Rules.   Chief Justice Gray’s opinion
is a concurring opinion.





[2]               “’[D]isposition is a euphemism for
sentencing [ ] and is used to honor the non-criminal character of the
proceedings.’”  In re K.T., 107 S.W.3d 65, 67 (Tex. App.—San Antonio
2003, no pet.) (quoting In re C.S., 804 A.2d 307, 309 n.2 (D.C. App.
2002)).  





[3]               Because I believe that a juvenile
should be afforded the Sixth Amendment confrontation right in the disposition
phase, and because of the quasi-criminal nature of juvenile proceedings, I
would not apply the harm analysis for civil appeals.  I note that one court has
applied a criminal harm analysis in a non-determinate juvenile appeal.  See
In re K.W.G., 953 S.W.2d 483, 488 (Tex. App.—Texarkana 1997, pet. denied). 
Meanwhile, the supreme court and others have reserved the question.  See In
re D.I.B., 988 S.W.2d 753, 756 (Tex. 1999); In re L.R., 84 S.W.3d
701, 707 (Tex. App.—Houston [1st Dist.] 2002, no pet.).